**SURGITEK, BRISTOL–MYERS COR-PORATION, and Medical Engineer-ing Corporation, Petitioners,**

v.

**Lorraine ABEL, et al., Respondents.**

**No. 98–0592.**

Supreme Court of Texas.

Argued Jan. 14, 1999.

Decided July 1, 1999.

Michael Jung, Dallas, G. Thomas Coghlan, San Antonio, for petitioners.

Daniel M. Downey, Michael T. Gallagher, Sharon S. McCally, Daryl L. Moore, Jay H. Henderson, Houston, for respondents.

Justice ENOCH delivered the opinion for a unanimous court.

This case presents several issues concerning section 15.003 of the Texas Civil Practice and Remedies Code. Section 15.003 limits when a plaintiff may join an action in a venue that would otherwise be improper for that plaintiff. Here, 104 plaintiffs who could not independently establish venue in Bexar County attempted to join two plaintiffs in a Bexar County action against makers of silicone-gel breast implants. Concluding that the 104 plaintiffs were improperly joined, the trial court granted the defendants' motion to transfer venue of those plaintiffs' claims. A divided court of appeals reversed, with one justice concurring and one justice dissenting.[1] We conclude that: (1) the court of appeals had jurisdiction to hear the appeal; (2) a trial court may limit the scope of evidence on its section 15.003(a) joinder determination to pleadings and affidavits, but it has discretion to consider a broader range of evidence, including live testimony; (3) appellate courts should conduct a de novo review of the propriety of a trial court's section 15.003 joinder decision; and (4) the plaintiffs here did not establish an "essential need" to have their claims tried in Bexar County. Consequently, we reverse the court of appeals' judgment and reinstate the trial court's venue transfer order.

## BACKGROUND

One-hundred-six plaintiffs sued Surgitek, Bristol–Myers Squibb Co., and Medical Engineering Corp. (Surgitek) for injuries they allegedly sustained from defective breast implants. Surgitek moved to transfer venue of 104 of these plaintiffs' claims, asserting that none could establish proper venue in Bexar County and that none could establish that they were entitled to join the Bexar County suit under section 15.003.

Section 15.003(a) provides:

In a suit where more than one plaintiff is joined each plaintiff must, independently of any other plaintiff, establish proper venue. Any person who is unable to establish proper venue may not join or maintain venue for a suit as a plaintiff unless the person, independently of any other plaintiff, establishes that:

(1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit;

(3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.[2]

The trial court agreed with Surgitek that 104 plaintiffs did not establish that their joinder in the Bexar County suit was proper. The trial court transferred venue of 103 of these plaintiffs to Dallas County, Surgitek's principal place of business in Texas, and one plaintiff to Tarrant County, that plaintiff's residence. (While this action was pending in this Court, 45 plaintiffs, including the Tarrant County plaintiff, have, through settlement or nonsuit, ceased being parties to this appeal. Fifty-nine plaintiffs remain, and our opinion and judgment apply only to those parties.)

The plaintiffs appealed the trial court's order to the court of appeals, which, after

---

**1.** 975 S.W.2d 30.

**2.** TEX. CIV. PRAC. & REM.CODE § 15.003(a).

determining that it had jurisdiction to hear the appeal,[3] reversed and remanded.

## JURISDICTION

■ Ordinarily, this Court does not have jurisdiction over interlocutory appeals like this one.[4] But here, we have jurisdiction because "the justices of the court of appeals disagree on a question of law material to the decision."[5]

■ The issue of the court of appeals' jurisdiction in this case is more complex. Ordinarily, appeal does not immediately lie from a trial court order transferring venue.[6] But in section 15.003(c) the Legislature authorized any party aggrieved by a trial court's determination of a section 15.003(a) joinder issue to contest the decision by an interlocutory appeal:

> Any person seeking intervention or joinder, who is unable to independently establish proper venue, or a party opposing intervention or joinder of such a person may contest the decision of the trial court allowing or denying intervention or joinder by taking an interlocutory appeal. . . . [7]

The question presented here is whether the court of appeals had jurisdiction under section 15.003(c), given that the order appealed was a venue transfer order following a motion to transfer venue. We agree with the court of appeals that it had jurisdiction.

The court of appeals reasoned that because the venue transfer order necessarily rested on the trial court's determination of the propriety of joinder under section 15.003(a), it was appealable under section 15.003(c).[8] This functional approach to the availability of an interlocutory appeal under section 15.003(c) is in stark contrast with the holding of the Sixth Court of Appeals in *Shubert v. J.C. Penney Co.*[9] In *Shubert*, the court adopted a formalistic approach, holding that because the order before it was a venue ruling, it was not appealable, notwithstanding the trial court's decision to transfer venue based on the propriety of joinder of six plaintiffs under section 15.003(a).[10] We reject *Shubert*'s formalistic approach.

■ Section 15.003(c) contemplates that either party—plaintiff or defendant— may take an interlocutory appeal of a section 15.003(a) joinder decision. But the *Shubert* rule would allow defendants to dictate at the outset, simply by how they style their request for relief, whether a plaintiff could pursue an interlocutory appeal. We should not be so constrained by the form or caption of a pleading. As the court of appeals correctly noted, we look to the substance of a motion to determine the relief sought, not merely to its title.[11] When a trial court's order necessarily determines the propriety of a plaintiff's joinder under section 15.003(a), section 15.003(c) plainly allows for either party to "contest th[at] decision . . . by taking an interlocutory appeal."[12] Because the trial court's venue transfer order in this case was predicated on its decision about the propriety of the plaintiffs' joinder under section 15.003(a), the court of appeals had jurisdiction over the plaintiffs' appeal.[13]

3. 975 S.W.2d at 36; *id.* at 42 (Duncan, J., dissenting)

4. *See* TEX. GOV'T CODE § 22.225(b)(3).

5. TEX. GOV'T CODE § 22.225(c).

6. *See, e.g., Polaris Inv. Management Corp. v. Abascal,* 892 S.W.2d 860, 862 (Tex.1995); *Bell Helicopter Textron, Inc. v. Walker,* 787 S.W.2d 954, 955 (Tex.1990).

7. TEX. CIV. PRAC. & REM.CODE § 15.003(c).

8. 975 S.W.2d at 36.

9. 956 S.W.2d 634 (Tex.App.—Texarkana 1997, pet. denied).

10. *Id.* at 636.

11. 975 S.W.2d at 36 (citing *State Bar v. Heard,* 603 S.W.2d 829, 833 (Tex.1980)).

12. TEX. CIV. PRAC. & REM.CODE § 15.003(c).

13. *See id.; see also Bristol–Myers Squibb Co. v. Barner,* 964 S.W.2d 299, 300–01 (Tex. App.—Corpus Christi 1998, no pet.); *Bristol–Myers Squibb Co. v. Goldston,* 957 S.W.2d 671, 673 (Tex.App.—Fort Worth 1997, pet.

We disapprove *Shubert* to the extent that it conflicts with this opinion.

## BURDEN OF PROOF

The parties disagree about which party has the burden of proof, and the nature of that burden, under section 15.003(a). The court of appeals concluded that the Legislature, in enacting section 15.003(a), did not intend to alter pre-existing statutory standards for venue hearings and proof.[14] Thus, it stated that in a section 15.003(a) determination, a trial court is to look only to the pleadings and affidavits, and not to any other proof, such as live testimony.[15] And it determined that the trial court should consider only whether the plaintiff presented prima facie proof that joinder under section 15.003(a) is appropriate; if so, the plaintiff has established her right to join.[16] We disagree that a trial court is so limited in conducting a section 15.003(a) hearing and determination.

The fact that section 15.003(a) appears in the venue chapter of the Civil Practice and Remedies Code informs but does not control what type of hearing or standard of proof governs a section 15.003(a) joinder determination. Ultimately, we resolve the issue of what quantum-of-proof and nature-of-proof standards are established by section 15.003(a) not just by looking at where it was placed in the Civil Practice and Remedies Code, but also by considering legislative intent as reflected in its plain language.[17]

■ Section 15.003(a) takes as its starting point a "person who is unable to establish proper venue." [18] Thus, before the trial court even reaches the joinder elements, it first has to determine whether a plaintiff can independently establish proper venue. This determination, of course, is made using venue proof standards—if the plaintiff offers prima facie proof through pleadings and affidavits that venue is proper, the inquiry is over.

But when a plaintiff cannot establish proper venue, section 15.003(a) expressly places the burden on the plaintiff to "establish" four elements before she can join venue for the suit.[19] The plaintiffs urge that we construe this requirement to mean only that they must offer the same quantum of prima facie proof required to establish venue. Surgitek argues that the plaintiffs must prove the four elements by a preponderance of the evidence, and that the trial court should conduct a full evidentiary hearing as it would in a normal joinder matter.[20]

■ We conclude that the plain language of section 15.003(a) places the burden on the plaintiff in the first instance to offer prima facie proof of the four elements, but that it contemplates the admission, in some instances, of a broader range of evidence than would be admissible in a venue hearing. The Legislature used the same word—establish—in section 15.003(a) to describe both venue proof ("Any person who is unable to *establish* proper venue . . . ") and joinder proof (" . . . unless the person . . . *establishes* [the four elements.]"). Because a plaintiff need only offer prima facie proof to "establish" venue, it follows that, at least initially, a plain-

---

dism'd pursuant to settlement); *Surgitek v. Adams,* 955 S.W.2d 884, 887–88 (Tex.App.— Corpus Christi 1997, pet. dism'd pursuant to settlement).

14. *See* 975 S.W.2d at 38.

15. *Id.* at 37 (citing TEX. CIV. PRAC. & REM.CODE § 15.064 and TEX.R. CIV. P. 87(3)(c)).

16. *Id.* (citing *Ruiz v. Conoco, Inc.,* 868 S.W.2d 752, 758 (Tex.1993)).

17. *See, e.g., Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 865 (Tex.

1999); *Liberty Mut. Ins. Co. v. Garrison,* 966 S.W.2d 482, 484 (Tex.1998).

18. TEX. CIV. PRAC. & REM.CODE § 15.003(a).

19. *Id.*

20. *Cf. Allstate Ins. Co. v. Hunter,* 865 S.W.2d 189, 194 (Tex.App.—Corpus Christi 1993, orig. proceeding); *Progressive County Mut. Ins. Co. v. Parks,* 856 S.W.2d 776, 780 (Tex. App.—El Paso 1993, orig. proceeding).

tiff must offer prima facie proof of each joinder element. And if the defendant offers no rebuttal evidence, the inquiry is over.

But Surgitek is correct that the four elements a plaintiff must establish under section 15.003(a) do not lend themselves readily to the prima facie standard applied in venue hearings. The usual types of prima facie proof in a venue determination—pleadings and affidavits establishing places of residence, principal offices, and even where the cause of action accrued [21] —are usually objective enough that pleadings and affidavits can fairly be said to enable the trial court to correctly decide the issue. But the section 15.003(a) elements—joinder under the Texas Rules of Civil Procedure, unfair prejudice, essential need, and fairness and convenience—are relatively subjective and not as readily susceptible to proof by affidavit or pleading. Thus, the defendant must be afforded the opportunity to rebut the plaintiff's prima facie proof.

■ Accordingly, we conclude that the trial court has discretion to allow a broader range of proof in making a section 15.003(a) joinder determination than it would in a venue hearing. Specifically, a trial court may allow the parties to offer testimony, if the trial court believes it would be useful to its determination. Moreover, a trial court may order limited discovery on the joinder elements, affording the parties the opportunity to more fully develop evidence on the issues raised. To the extent that a defendant's joinder evidence rebuts the plaintiff's prima facie proof on any of the joinder elements, a trial court has discretion to consider all available evidence to resolve any disputes that the parties' proof creates. A trial court's decision to limit the scope of evidence is an abuse of discretion only if a party is materially prejudiced by its inability to offer further proof.

## SCOPE AND STANDARD OF REVIEW

The court of appeals expressly limited its review in this case to the affidavits and pleadings.[22] Its decision to do so logically followed from its conclusion that under section 15.003(a) a trial court could only consider affidavits and pleadings. But just as that determination was error, so too was the standard of review the court of appeals employed.

■ Section 15.003(c)(1) describes the proper standard for the court of appeals to apply:

> The court of appeals shall ... determine whether the joinder or intervention is proper based on an independent determination from the record, and not under either an abuse of discretion or substantial evidence standard.[23]

Construing this language, as we must, by its plain meaning,[24] we conclude that a court of appeals should conduct a de novo review of the entire record to determine whether a trial court's section 15.003(a) joinder determination was proper. The phrase "independent determination," coupled with the admonition not to conduct an abuse of discretion or a substantial evidence review, suggests that the court of appeals should make its own determination of the propriety of joinder under section 15.003(a), with no deference to the trial court's ruling. Thus, its review of the merits of the joinder determination should be de novo. And the phrase "from the record" indicates that the court of appeals is not constrained solely to review the pleadings and affidavits, but should consider the entire record, including any evidence presented at the hearing.

■ On the other hand, the court of appeals should employ an abuse of discretion standard to review a party's contention that it was improperly denied the opportunity to present further proof. While the plain language of section

---

21. *See* TEX. CIV. PRAC. & REM.CODE § 15.002(a).

22. 975 S.W.2d at 38.

23. TEX. CIV. PRAC. & REM.CODE § 15.003(c)(1).

24. *See, e.g., Fitzgerald,* 996 S.W.2d at 865; *Liberty Mutual,* 966 S.W.2d at 484.

15.003(c)(1) prevents a court of appeals from using an abuse of discretion standard when reviewing the propriety of a trial court's section 15.003(a) joinder determination, nothing in section 15.003(c)(1) precludes employment of that standard for reviewing the trial court's decision to limit the scope of evidence.

## ANALYSIS

With the proper burden of proof and scope and standard of review in mind, we turn now to the record in this case.

The evidence plaintiffs offered to establish their right to join the Bexar County litigation consisted of affidavits from the two plaintiffs who could independently establish venue in Bexar County, pleadings Surgitek filed in the multi-district federal breast implant litigation, an affidavit from the plaintiffs' counsel, and Surgitek's witness designations. The plaintiffs offered Surgitek's MDL pleadings as evidence that in another proceeding Surgitek took the position that some common questions of fact and law exist across breast implant cases, thus showing that joinder was proper under Rule 40 of the Texas Rules of Civil Procedure. Plaintiffs' counsel's affidavit reiterated the commonality of fact questions, and further stated that Surgitek designated the same expert witnesses in each case. Finally, the plaintiffs offered Surgitek's witness list to demonstrate that these witnesses were located all over the country, thus showing that no matter where the cases are tried the witnesses will have to travel.

The court of appeals held that this evidence was sufficient to satisfy all four section 15.003(a) elements for joinder. We disagree.

Section 15.003(a)(3) requires the plaintiff to establish that "there is an essential need to have the person's claim tried in the county in which the suit is pending." [25]

The court of appeals held that the plaintiffs established their "essential need" to try their claims against Surgitek in Bexar County "by proving the need to pool resources against common experts and issues." [26] But that is not enough. The trial court's order in this case kept all of the remaining plaintiffs together in a single action, thereby allowing them to pool resources. Thus, if the need to pool resources were dispositive, the plaintiffs could have no complaint.

■ We agree with Surgitek that the "essential need" element requires each plaintiff seeking joinder to demonstrate that there is an "essential need" for her claim *to be tried in Bexar County.* The plain language of section 15.003(a)(3) compels this result: "[the person seeking joinder must establish that] there is an essential need to have the person's claim tried *in the county in which the suit is pending.*" [27] Citing a legal dictionary definition of "essential," Surgitek argues that an "essential need" is one that is "indispensably necessary." [28] Another dictionary likewise defines "essential" as "necessary, such that one cannot do without it." [29] We recognize that this burden is very high, but the language of the statute makes it so. Here, the plaintiffs did not establish that it was "indispensably necessary" to try their claims in Bexar County. Because we conclude that the plaintiffs failed to establish this joinder element, we need not consider whether they established the other three.

Accordingly, we reverse the court of appeals' judgment and reinstate the trial court's order transferring venue of the 59 remaining plaintiffs' claims to Dallas County.

**25.** Tex. Civ. Prac. & Rem.Code § 15.003(a)(3).

**26.** 975 S.W.2d at 40.

**27.** Tex. Civ. Prac. & Rem.Code § 15.003(a)(3) (emphasis added).

**28.** *See* Black's Law Dictionary 546 (6th ed.1990).

**29.** New Webster's Dictionary and Thesaurus 322 (1991 ed.).