TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00757-CV






Herbert Feist, Appellant


v.


Director of TDCJ ID, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. GN201395, HONORABLE DARLENE BYRNE, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 Herbert Feist brings this interlocutory appeal from the order of the district court of
Travis County transferring venue of this cause of action to a district court in Potter County. We will
dismiss this appeal for want of jurisdiction.

 Feist has sued the director of the Texas Department of Criminal Justice--Institutional
Division (currently, Janie Cockrell) seeking an injunction barring her from placing a hold on Feist's
inmate account. Feist asserts that he has also sought the same ultimate relief by filing a petition for
writ of mandamus in Travis County against the director; he notes that a petition for writ of
mandamus against the director of a state agency must be filed in Travis County. See Tex. Civ. Prac.
& Rem. Code Ann. § 15.014 (West 2002). Feist contends that trying both of his petitions for the
same relief in Travis County would be judicially economic.

 The district court granted appellee's motion to transfer venue to Potter County, the
sole basis of which was that Feist was an inmate in Potter County. See id. § 15.019(a) (except for
petitions for writ of mandamus against head of department of state government, "actions that accrued
while the plaintiff was housed in a facility operated by or under contract with the Texas Department
of Criminal Justice shall be brought in the county in which the facility is located"). The district court
in Travis County did not render a final judgment.

 We cannot reach the merits of Feist's venue arguments. This appeal is interlocutory,
and "[n]o interlocutory appeal shall lie from the determination" of venue. Id. § 15.064(a). In
response to this Court's January 2, 2003 query regarding the basis on which this Court could exercise
jurisdiction, Feist argued that the venue transfer was incorrect and inefficient. His arguments do not
overcome the legislature's determination that there is no interlocutory appeal of venue rulings like
the one in this case. See id.; see also Surgitek, Bristol-Myers Corp. v. Abel, 997 S.W.2d 598, 601
(Tex. 1999).

 We dismiss this appeal for want of jurisdiction. See Tex. R. App. P. 42.3(a).



 

 David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed for Want of Jurisdiction

Filed: February 6, 2003