# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00757-CV

**Herbert Feist, Appellant**

**v.**

**Director of TDCJ ID, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
## NO. GN201395, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Herbert Feist brings this interlocutory appeal from the order of the district court of Travis County transferring venue of this cause of action to a district court in Potter County. We will dismiss this appeal for want of jurisdiction.

Feist has sued the director of the Texas Department of Criminal JusticeCInstitutional Division (currently, Janie Cockrell) seeking an injunction barring her from placing a hold on Feist=s inmate account. Feist asserts that he has also sought the same ultimate relief by filing a petition for writ of mandamus in Travis County against the director; he notes that a petition for writ of mandamus against the director of a state agency must be filed in Travis County. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 15.014

(West 2002). Feist contends that trying both of his petitions for the same relief in Travis County would be judicially economic.

The district court granted appellee=s motion to transfer venue to Potter County, the sole basis of which was that Feist was an inmate in Potter County. *See id.* ' 15.019(a) (except for petitions for writ of mandamus against head of department of state government, Aactions that accrued while the plaintiff was housed in a facility operated by or under contract with the Texas Department of Criminal Justice shall be brought in the county in which the facility is located@). The district court in Travis County did not render a final judgment.

We cannot reach the merits of Feist=s venue arguments. This appeal is interlocutory, and A[n]o interlocutory appeal shall lie from the determination@ of venue. *Id.* ' 15.064(a). In response to this Court=s January 2, 2003 query regarding the basis on which this Court could exercise jurisdiction, Feist argued that the venue transfer was incorrect and inefficient. His arguments do not overcome the legislature=s determination that there is no interlocutory appeal of venue rulings like the one in this case. *See id.*; *see also Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999).

We dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed for Want of Jurisdiction

Filed:  February 6, 2003