In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00752-CV




ARTURO V. RAMIREZ AND JOSEPH G. WIEGEL, Appellants

V.

COLLIER, SHANNON, SCOTT, PLLC, F/K/A COLLIER, SHANNON,
RILL & SCOTT, PLLC, Appellee




On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2000-56783




O P I N I O N
          This is an appeal of the trial court’s interlocutory order denying Joseph G.
Wiegel’s intervention as a plaintiff. It requires us to construe section 15.003 of the
Civil Practice and Remedies Code, governing intervention and joinder in multiple-party cases. Tex. Civ. Prac. & Rem. Code Ann. § 15.003 (Vernon 2002). We
dismiss for want of jurisdiction Ramirez’s appeal of the order striking Wiegel’s
intervention. We affirm the trial court’s August 27, 2001 order striking Wiegel’s
intervention. Background
          Plaintiff/appellant, Arturo V. Ramirez, an attorney practicing in Harris County,
filed a lawsuit against defendant/appellee, Kathleen Silbaugh, an attorney in the
Washington, D.C. law firm of defendant/appellee, Collier Shannon Scott, PLLC, f/k/a
Collier, Shannon, Rill & Scott, PLLC (“Collier”), asserting tort and breach-of-contract claims related to the investment and loss of his funds from an attorney
IOLTA account (Interest on Lawyers Trust Accounts). Wiegel, a Wisconsin resident,
intervened, asserting similar claims. 
          Collier filed a motion to strike Wiegel’s intervention, alleging that Wiegel
neither established proper venue nor satisfied the requirements for intervention
without proper venue. After a hearing, the trial court struck Wiegel’s intervention.
Section 15.003
          This case turns on the scope of the right to interlocutory appeal of orders
striking intervention and joinder of plaintiffs in multiple-party suits under section
15.003. A person seeking intervention or joinder in a multiple-party suit must either:
(1) independently establish venue under section 15.002 or (2) satisfy the four factors
set out in section 15.003(a) that permit intervention without proper venue. Tex. Civ.
Prac. & Rem. Code Ann. §§ 15.003, 15.002(b)(1), (2) (Vernon 2002). 
          First, a person seeking intervention or joinder in a multiple-party suit may do
so by independently establishing venue under section 15.002, which states the general
venue rule that all lawsuits shall be brought:
(1) in the county in which all or a substantial part of the events or
omissions giving rise to the claim occurred;
(2) in the county of defendant's residence at the time the cause of action
accrued if defendant is a natural person;
(3) in the county of the defendant's principal office in this state, if the
defendant is not a natural person; or
(4) if Subdivisions (1), (2), and (3) do not apply, in the county in which
the plaintiff resided at the time of the accrual of the cause of action.
Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a) (Vernon 2002).
          Second, a person who is “unable to establish proper venue” may seek
intervention or joinder if four requirements of section 15.003(a) are satisfied:
In a suit where more than one plaintiff is joined each plaintiff must,
independently of any other plaintiff, establish proper venue. Any person
who is unable to establish proper venue may not join or maintain venue
for the suit as a plaintiff unless the person, independently of any other
plaintiff, establishes that:
 
          (1)     joinder or intervention in the suit is proper under the Texas Rules
of Civil Procedure;
 
(2)maintaining venue in the county of suit does not unfairly
prejudice another party to the suit;
 
(3)there is an essential need to have the person’s claim tried in the
county in which the suit is pending; and
 
(4)the county in which the suit is pending is a fair and convenient
venue for the person seeking to join in or maintain venue for the
suit and the persons against whom the suit is brought.
Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a) (Vernon 2002).
          Section 15.003(b) prohibits intervention or joinder by a plaintiff in a pending
suit unless the person, independently of any other plaintiff:
(1) establishes proper venue for the county in which the suit is pending;
or
(2) satisfies the requirements of Subdivisions (1) through (4) of
Subsection (a).

Tex. Civ. Prac. & Rem. Code Ann. § 15.003(b) (Vernon 2002).
          An intervening or joining plaintiff has the burden to present prima facie proof
of his right to intervene or join. Surgitek, Bristol-Meyers Corp. v. Abel, 997 S.W.2d
598, 602-03 (Tex. 1999). If the defendant offers rebuttal evidence, the parties may
present pleadings, affidavits, testimony, and limited discovery as proof. Id. 
Motion to Amend Notice of Appeal
          Appellants have filed a motion to amend their notice of appeal to include
review of a modified trial court order. Originally, the trial court signed an order on
August 6, 2001, striking Wiegel’s intervention based on venue under section 15.002. 
Appellants’ notice of accelerated appeal dated sought review of the August 6 order. 
The August 6 order was later modified by an August 27, 2001 order, which
referenced section 15.003 instead of 15.002. 
          The trial court’s second order merely modified an existing order after it had
been appealed. An “appellate court must treat the appeal as from the subsequent
order. . . and may treat actions relating to the appeal of the first order as relating to
the appeal of the subsequent order.” See Tex. R. App. P. 27.3. Thus, we are required
to treat the appeal as an appeal from the August 27 order striking Wiegel’s
intervention under section 15.003, not as an appeal from the August 6 order
adjudicating venue under 15.002. Because an appellant may file a premature notice
of appeal, we may treat actions relating to the appeal of the August 6 order as relating
to the appeal of the August 27 order. Tex. R. App. P. 27.2.
          Accordingly, we grant appellants’ motion to amend their notice of appeal to
include the August 27, 2001 modified order. 
Issues
          Wiegel and Ramirez present two issues for appellate review: (1) whether
Wiegel is entitled to intervene under section 15.003(b)(1) because he independently
established venue, and, alternatively, (2) whether Wiegel is entitled to intervene under
section 15.003(b)(2) because, although he failed to independently establish venue, he
nevertheless satisfied the four requirements for intervention without proper venue set
out in section 15.003(a). 
Appellate Court Jurisdiction
          Appellate courts have no jurisdiction to hear interlocutory appeals absent
statutory authorization. Venue rulings are not generally subject to interlocutory
appeal. See Tex. Civ. Prac. & Rem. Code Ann. §§ 15.064(a) (Vernon 2002),
51.014(a) (Vernon Supp. 2003). We must decide whether we have jurisdiction of this
appeal under section 15.003(c), which provides for interlocutory appeal of the trial
court’s order on intervention or joinder:
Any person seeking intervention or joinder, who is unable to
independently establish proper venue, or a party opposing intervention
or joinder of such a person may contest the decision of the trial court
allowing or denying intervention by taking an interlocutory appeal to the
court of appeals. . . . The court of appeals shall:
(1) determine whether the joinder or intervention is proper based on an
independent determination from the record and not under either an abuse
of discretion or substantial evidence standard. 

Tex. Civ. Prac. & Rem. Code Ann. § 15.003(c)(1) (Vernon 2002). 
          Under section 15.003(c), interlocutory appeal is permitted for a person seeking
intervention who was “unable to independently establish proper venue.” Id. It is
clear that interlocutory appeal is permitted from the trial court’s determination of
whether intervention or joinder is proper based on the four factors set out in section
15.003(a). Tex. Civ. Prac. & Rem. Code. Ann. § 15.003(a) (Vernon 2002);
Surgitek, Bristol-Myers Corp., 997 S.W.2d at 602. In other words, section 15.003(c)
permits interlocutory appeal for either an affirmative or negative finding under
section 15.003(b)(2).
          It is also clear that interlocutory appeal is not available to review a trial court’s
determination of whether intervention or joinder is proper based on a ruling that
person independently established proper venue. Tex. Civ. Prac. & Rem. Code Ann.
§§ 15.002, 15.003(b)(1) (Vernon 2002); American Home Prods. Corp. v. Clark, 38
S.W.3d 92, 96 (Tex. 2000). What is not clear is whether interlocutory appeal is
available to review a trial court’s determination of whether intervention or joinder is
proper based on a ruling that a person is not able to establish proper venue. See Tex.
Civ. Prac. & Rem. Code Ann. §§ 15.002 15.003(b)(1) (Vernon 2002). The dissent
would hold that interlocutory appeal is available under such a circumstance, based on
a literal reading of the statute. We hold otherwise.
          With the passage of section 15.003(b)(1), we are persuaded that the legislature
did not intend to allow the interlocutory appeal of venue facts, even in the sheep’s
clothing of a joinder ruling. To allow an interlocutory appeal of failure to establish
proper venue is an interlocutory appeal of a venue ruling, which is not subject to
interlocutory appeal. See Tex. Civ. Prac. & Rem. Code Ann. §§ 15.064(a) (Vernon
1992), 51.014(a) (Vernon Supp. 1993). 
          There is a policy ruling underpinning our holding. The dissent’s holding would
allow a person seeking to intervene as plaintiff two opportunities to challenge on
interlocutory appeal a trial court’s denial of intervention: a finding of no proper venue
under (b)(1) and a negative finding under (a)(1). Yet a person opposing intervention
would have only one opportunity to challenge the trial court’s ruling on interlocutory
appeal: only a challenge of an affirmative finding under a(1)-(4). Surely the
legislature did not intend to distinguish between plaintiff and defendant so unequally. 
          We have jurisdiction over issue two, Wiegel’s interlocutory appeal regarding
the elements of joinder in section 15.003(a). We do not have jurisdiction to hear
issue one, Wiegel’s interlocutory appeal of the trial court’s implied finding that he did
not independently establish venue under 15.003(b)(1) (establishing venue under
section 15.002). This holding is without prejudice to Wiegel’s right to appeal this
issue after final judgment. 
Merits of Wiegel’s Interlocutory Appeal
          We have jurisdiction to address only appellant’s second point of error, that 
Wiegel established that his intervention was proper pursuant to 15.003(a). We review
the order denying Wiegel’s intervention by reviewing the record de novo and not
under an abuse-of-discretion or substantial-evidence standard. Tex. Civ. Prac. &
Rem. Code Ann. § 15.003(c)(1) (Vernon 1992); Surgitek, 997 S.W.2d at 603. The
intervening plaintiff has the burden to present prima facie proof of the four elements
of intervention; if defendant offers rebuttal evidence, the parties may present
pleadings, affidavits, testimony, and limited discovery as proof. Surgitek, 977
S.W.2d. at 602-03. 
          The evidence offered by Wiegel to establish his right to intervene consisted of
the affidavits of Wiegel and Ramirez and documents from their investigation of the
investment plan. An oral hearing was held on July 16-17, 2001. Wiegel’s first and
second amended petitions in intervention


 were admitted into evidence at the hearing
together with the affidavits and documents from the investigation. Ramirez was a
witness at the hearing. He testified that Wiegel would have difficulty trying his own
case in another venue without Ramirez’s investigation and resulting documents and
contacts, that Wiegel and he would require the same type of experts and could split
the costs, and that he would continue to investigate Wiegel’s case and share
information with him regardless of whether the motion to intervene were granted. 
The trial court also admitted into evidence the testimony of Silbaugh and Ramirez and
the exhibits presented at the hearing on Silbaugh’s motion to strike plaintiff’s petition
for want of jurisdiction. 
          The evidence indicates that Ramirez and Wiegel pooled their resources by
working together, sharing information, and investigating their respective investments. 
They participated in the same nation-wide investment plan. Thus, the issues are the
same, and the witness are from all over the United States as well as other countries. 
Further, some of the documents are located in Harris County. 
          Section 15.003(a)(3) requires the intervening plaintiff to establish that “there
is an essential need to have the person’s claim tried in the county in which the suit is
pending.” Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a)(3) (Vernon 2002)
(emphasis added). The “essential need” element requires Wiegel to demonstrate that
there is an essential need for his claim to be tried in Harris County, not to
demonstrate that he has an essential need to try his claim with Ramirez. The burden
to establish essential need is extremely high. Surgitek, 997 S.W.2d at 603. 
          The Texas Supreme Court defined “essential” as “indispensably necessary.” 
Id. In Surgitek, 104 plaintiffs, unable to independently establish proper venue, tried
to join two plaintiffs, who had independently established proper venue, alleging
injuries from defective breast implants. Id. The Surgitek plaintiffs asserted that there
were common facts and issues, that Surgitek designated the same expert witnesses,
that the witnesses were located throughout the country, and that plaintiffs needed to
pool their resources against common experts and issues. Id. The Texas Supreme
Court held that plaintiffs had not established essential need. Id. at 603. 
          In the case before us, Wiegel’s attorney tried to show essential need through
the use of a common investigator, Ramirez, the pooling of resources, the presence of
common facts and issues, and the location of witnesses across the country. The use
of a common investigator—who has testified that he will continue to investigate and
help if Wiegel is required to file his own suit—does not establish an essential need
to try his claim in Harris County. In addition, the desire to pool resources against
common defendants and experts is not enough to establish essential need. Id. Wiegel
failed to establish it was “indispensably necessary” to try his claims in Harris County;
therefore, Wiegel failed to establish essential need.
          Collier asserts that Wiegel also failed to establish the second and fourth
elements, which require that there be no unfair prejudice to another party in the suit
and that the county in which the suit is pending is a fair and convenient venue for the
persons against whom the suit is brought. Because Wiegel failed to establish the
element of essential need, we do not consider the remaining three elements of
intervention without proper venue. Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a)
(Vernon 2002).
          We overrule issue two.
          Ramirez’s Appeal
          Section 15.003(c) permits “a person seeking intervention joinder” to appeal an
interlocutory order denying intervention. Tex. Civ. Prac. & Rem. Code Ann. §
15.003(c) (Vernon 2002). As a party to this lawsuit, Ramirez is not seeking
intervention or joinder. Section 15.003(c) confers on him no rights to an
interlocutory appeal; therefore, he has no standing to bring this interlocutory appeal. 
          We dismiss Ramirez’s appeal for want of jurisdiction. 

Conclusion
          We grant appellants’ motion to amend their notice of appeal to include the
August 27, 2001 modified order; we dismiss for want of jurisdiction Ramirez’s appeal
of the order striking Wiegel’s intervention; and we affirm the trial court’s August 27,
2001 order striking Wiegel’s intervention. Any pending motions are overruled as
moot.
 
 
Adele Hedges
Justice
Panel consists of Justices Hedges, Keyes, and Duggan.



Justice Keyes dissenting in part and concurring in part.