NO. 07-08-0067-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 26, 2008
_____

IN RE RUBEN NARANJO BALDIVIA, RELATOR
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


               **MEMORANDUM OPINION**


Relator, Ruben Naranjo Baldivia, has filed with the district court of Castro County a document entitled, "Petition for a Writ of Habeas Corpus" requesting that the Texas Department of Criminal Justice (TDCJ) be required to remove all records showing that relator was charged with the offense of Murder in Cause No. 2110 in Swisher County because relator alleges that he was acquitted of those charges. The trial court denied relator's petition. Relator has now appealed the order denying his petition and has requested that this court require TDCJ to remove all records of the existence of the charge of murder. Although Baldivia has titled his petition as "Petition for a Writ of Habeas Corpus," in fact, Baldivia is requesting that we order TDCJ to refrain from an action. Thus we shall treat Baldivia's request as seeking mandamus relief. See Surgitek, Bristol-Myers Corp. v. Abel, 997 S.W.2d 598, 601 (Tex. 1999). We deny the petition.

Texas Rule of Appellate Procedure 52.3[1] identifies the requirements for a petition for writ of mandamus filed in this court. Baldivia has failed to comply with these requirements. Rule 52.3 requires that all factual statements in a petition must be verified by affidavit made on personal knowledge. Baldivia does not include an affidavit. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Baldivia does not list the names of the parties against whom he seeks mandamus relief apart from their identification in the argument portion of his petition. Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Baldivia's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Baldivia's petition includes no index of authorities. Rule 52.3(f) requires the petition include a concise statement of all issues or points presented for relief. Baldivia's petition includes no such statement. Each of these items are required in a petition for writ of mandamus and, as Baldivia failed to include them in his petition, we will not grant the relief that he requests.

However, even if Baldivia had complied with the requirements of Rule 52.3, his petition fails to establish his entitlement to mandamus relief. A court of appeals has authority to issue writs of mandamus against district and county court judges within the

[1]Further citation of Texas Rules of Appellate Procedure will be by reference to "Rule __."

2

court of appeals's district and all writs necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (Vernon 2004). As the named respondent is not identified as a judge, it is not within our jurisdictional reach and we have no authority to issue a writ of mandamus against the respondent absent a showing that issuance of the writ is necessary to enforce our jurisdiction. In re Cummins, 2004 WL 1948048, at *1 (Tex.App.–Amarillo 2004, orig. proceeding) (mem. op.); In re Coronado, 980 S.W.2d 691, 692 (Tex.App.–San Antonio 1998, orig. proceeding).

Baldivia has provided this court none of the material documents relating to his alleged denial of privileges within the prison system. See TEX. R. APP. P. 52.3(j)(1). As Baldivia's petition for writ of mandamus does not comply with the requirements of Rule 52.3 and fails to establish how the writ is necessary to enforce this court's jurisdiction, we deny the petition.

Mackey K. Hancock
Justice

3