

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00153-CV

**ROBERT WALTER BONNER,**

                                                                  **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                  **Appellee**


_____


**From the 413th District Court**
**Johnson County, Texas**
**Trial Court No. C200700320**

_____

## MEMORANDUM  OPINION

_____

        In his docketing statement, appellant, Robert Bonner, indicated that he wishes to

appeal from an "Agreed Final Judgment of Forfeiture" signed by the trial court on June

5, 2009.  On June 19, 2012, this Court sent appellant a letter notifying him that his notice

of appeal appeared to be untimely.  Accordingly, we requested a response from

appellant showing grounds for continuing the appeal.  In his response, appellant stated

that he intends to appeal from a motion he filed on February 1, 2012 instead.  According

to appellant, the February 1, 2012 motion, entitled "Motion to Reconsider 'Respondent's

Motion to Return Property Seized by Unauthorized Search and Seizure' and Written Objection" was overruled by operation of law on April 1, 2012.[1] In his response, appellant does not provide any legal authority to support his contention that this Court has jurisdiction over this appeal.

On June 5, 2009, the trial court signed an "Agreed Final Judgment of Forfeiture," which authorized the forfeiture of a number of appellant's belongings. This judgment was also signed and agreed to by Sharon Bonner, as appellant's designated representative. Approximately two-and-a-half years later, on January 17, 2012, appellant filed "Respondent's Motion to Return Property Seized by Unauthorized Search and Seizure." The trial court denied this motion, referring to the June 5, 2009 agreed judgment of forfeiture and stating that the court is without jurisdiction to entertain appellant's motion. *See* TEX. R. CIV. P. 329b(d) (stating that the trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed). In response to this ruling, appellant filed his February 1, 2012 motion to reconsider, which was not ruled upon by the trial court.

It is clear to us that the substance of appellant's January 17, 2012 and February 1, 2012 motions challenges the validity of the trial court's June 5, 2009 agreed judgment of forfeiture. Specifically, appellant contends that the forfeiture was premised on an

---

[1] Pursuant to Texas Rule of Civil Procedure 329b(c), appellant's February 1, 2012 motion, if timely, would have been overruled by operation of law on April 16, 2012, not April 1, 2012. *See* TEX. R. CIV. P. 329b (providing that if a motion for new trial or a motion to modify, correct, or reform is not determined by written order within seventy-five days after the judgment was signed, it is deemed overruled by operation of law).

invalid seizure. Because the substance of appellant's January 17, 2012 and February 1, 2012 motions addresses the validity of the June 5, 2009 agreed judgment of forfeiture, it was incumbent upon appellant to file his motions challenging the judgment within thirty days of June 5, 2009, unless a timely motion for new trial, among other things, was filed. *See* TEX. R. APP. P. 26.1 (providing that the notice of appeal must be filed within thirty days after the judgment is signed); TEX. R. CIV. P. 329b(a) (stating that a motion for new trial must be filed within ninety days after the judgment is signed); *see also Surgitek v. Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (stating the general proposition that the substance, not the title, of the motion will determine the relief granted); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (explaining that "[w]e look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it").[2] If a timely motion for new trial had been filed, the filing deadline for appellant's notice of appeal would have been extended to ninety days from June 5, 2009. *See* TEX. R. APP. P. 26.1(a). However, appellant chose to wait until April 24, 2012 to file his notice of appeal in this matter—more than two-and-a-half years after the trial court ordered that some of appellant's belongings be forfeited. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005) (holding that, absent a timely notice of appeal, this Court is without jurisdiction to consider an appeal); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233-34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Thus,

---

[2] Because we must look to the substance of appellant's motions, appellant cannot save this untimely appeal by relying on different titles affixed to his January 17 and February 1, 2012 motions. *See Surgitek v. Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980).

appellant's notice of appeal in this matter is untimely. *See* TEX. R. APP. P. 26.1. And because appellant did not timely file his notice of appeal, we dismiss his appeal in this matter. *See id.* at R. 42.3, 44.3.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Dismissed
Opinion delivered and filed July 26, 2012
[CV06]