TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00081-CV






M. L. S., Appellant


v.


K. L. S., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. D-1-FM-10-001147, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING




O R D E R



PER CURIAM

 Appellant M.L.S. has filed a document entitled "Amended Motion for Order to Obtain
Client File from Trial Counsel" requesting that this Court issue an order requiring appellant's trial
counsel to turn over to appellant trial counsel's case file associated with the underlying proceedings. 
Looking at the substance of this motion, it is in essence a petition for a writ of mandamus. See
Surgitek, Bristol-Meyers Corp. v. Abel, 997 S.W.2d 598, 601 (Tex. 1999) (courts look to substance
of pleading rather than its caption or form to determine its nature). This Court does not have
mandamus authority over private citizens who are not parties to litigation pending before it. By
statute, this Court has the authority to issue a writ of mandamus only against "a judge of a district
or county court in the court of appeals district" and other writs as necessary to enforce our appellate
jurisdiction. See Tex. Gov't Code Ann. § 22.221 (West Supp. 2012). Appellant's trial counsel is
not a party over whom we have authority to issue a writ of mandamus. Nor has appellant
demonstrated that the exercise of our writ power is necessary to enforce our jurisdiction. Even if
appellant had made his request using the proper procedural vehicle, a petition for writ of mandamus,
we would have no jurisdiction to grant him any relief. Accordingly, the Amended Motion for Order
to Obtain Client File from Trial Counsel is denied. Appellant's original Motion for Order to Obtain
Client File from Trial Counsel is dismissed as moot.

 It is so ordered August 31, 2012.


Before Chief Justice Jones, Justices Rose and Goodwin