# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00555-CR

**John Charles Terry, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NUMBER THREE OF TRAVIS COUNTY, NO. C-1-CR-11-202939, HONORABLE JOHN LIPSCOMBE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant John Charles Terry was convicted of driving while intoxicated and sentenced to ten days in jail. His counsel filed a notice of appeal but did not timely file a brief. This Court abated the appeal and remanded to the trial court for a hearing to determine why counsel had not filed a brief. Tex. R. App. P. 38.8(b)(2), (3).

At the hearing, counsel introduced three documents: a copy of an *Anders* brief he had prepared in anticipation of the hearing; a motion to withdraw; and a motion to dismiss the appeal[1] signed by appellant but not by counsel. Counsel testified that he had delivered appellant a copy of the brief, discussed with him the merits of an appeal, and admonished him of his right to pursue his

---

[1]  The motion is entitled "Appellant's Declaration of Intent to Waive Right to Appeal His Conviction." Based on its substance, we construe it as a motion to dismiss his appeal. *See Surgitek, Bristol-Myers Corp. v. Abel,* 997 S.W.2d 598, 601 (Tex.1999) (courts look to substance of pleading rather than its caption or form to determine its nature).

own appeal. Appellant confirmed that he understood counsel's advice and repeatedly stated that he did not wish to appeal. The trial court stated that it would "respect [appellant's] right not to appeal[.]" Shortly thereafter, counsel filed all three documents with this Court.

Rule 42.2(a) of the Texas Rules of Appellate Procedure provides that an appeal may be dismissed if an appellant withdraws his or her notice of appeal by a motion signed by both the appellant and his attorney. The purpose of that requirement is to protect an appellant from having his appeal dismissed by counsel without his consent and to ensure that counsel had notice of the dismissal to advise the client on the consequences of a dismissal. *Conners v. State,* 966 S.W.2d 108, 110 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *Jones v. State*, No. 07-15-00371-CR, 2016 WL 902960, at *1 (Tex. App.—Amarillo Mar. 7, 2016, no pet.) (mem. op., not designated for publication).

Appellant's motion to dismiss does not comply with Rule 42.2(a) of the Rules of Appellate Procedure because it was not signed by appellant's counsel. *See* Tex. R. App. P. 42.2(a). However, the decision of whether to take an appeal from a criminal conviction is personal to the accused. *Conners,* 966 S.W.2d at 110 (citing *Jones v. Barnes,* 463 U.S. 745, 751 (1983)). We thus apply Rule 2 of the Texas Rules of Appellate Procedure to suspend the requirement in Rule 42.2(a) that counsel's signature appear on the motion to dismiss because we find that the record demonstrates that appellant does not desire to appeal and was advised as to the consequences of dismissal. *See id.* (dismissing appeal at appellant's request at abatement hearing despite counsel's refusal to submit a motion conforming with Rule 42.2(a)); *Jones*, 2016 WL 902960, at *1 (dismissing appeal because appellant's testimony at abatement hearing supported dismissal despite

that motion to dismiss not signed by appellant).  Accordingly, we dismiss the appeal at appellant's request and dismiss counsel's motion to withdraw as moot.

_____

Cindy Olson Bourland, Justice

Before Justices Rose, Pemberton, and Bourland

Dismissed on Appellant's Motion

Filed:   August 25, 2016

Do Not Publish