# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00615-CV

**In re Allan Hawley**

### ORIGINAL PROCEEDING FROM BURNET COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Allan Hawley has filed, pro se, a document with this Court entitled *Emergency Habeas Corpus Petition*, which, based on the relief requested, we have construed as a petition for writ of mandamus.[1] *See Surgitek, Bristol–Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (courts look to substance of pleading rather than its caption or form to determine its nature); *see also* Tex. Gov't Code § 22.221; Tex. R. App. P. 52.1.

This Court does not have mandamus jurisdiction over the Burnet County Jail or personnel thereof. By statute, this Court has the authority to issue a writ of mandamus against "a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district" and other writs as necessary to enforce our appellate jurisdiction. *See* Tex. Gov't Code § 22.221. Employees of the Burnet County Jail are not parties against whom we

---

[1] In the petition, Hawley indicates that he has been placed on suicide watch in the Burnet County jail and seeks "removal from these unwarranted restrictive conditions."

have the power to issue a writ of mandamus. Nor has Hawley demonstrated that the exercise of our writ power is necessary to enforce our jurisdiction.

This Court is without jurisdiction to grant Hawley the relief he seeks in his petition. Accordingly, we dismiss the petition for want of jurisdiction. *See* Tex. R. App. P. 52.8(a).

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Triana and Smith

Filed: October 22, 2019