# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00566-CV

---

**Mark Joseph Watson d/b/a Mark Joseph Watson©,** *ens legis*, **Appellant**

**v.**

**Texas State University, Appellee**

---

### FROM THE 453RD DISTRICT COURT OF HAYS COUNTY
### NO. 20-1792, THE HONORABLE DAVID JUNKIN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

On November 20, 2020, appellant Mark Joseph Watson d/b/a Mark Joseph Watson©, *ens legis*, filed a notice of appeal from the trial court's November 25, 2020 order denying appellant's "Amended Motion to Dismiss with Prejudice for Lack of Subject Matter Jurisdiction Made by Special Appearance and Application for Costs." Upon initial review, the Clerk of this Court sent Watson a letter informing him that this Court appears to lack jurisdiction over the appeal because our jurisdiction is limited to appeals in which there exists a final or appealable judgment, or in the case of an interlocutory order, there is a statute that provides for an interlocutory appeal. An order denying a motion to dismiss for lack of subject-matter jurisdiction is neither. *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final

judgment that disposes of all pending parties and claims in record unless statute provides for interlocutory appeal); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction."); *see also* Tex. Civ. Prac. & Rem. Code § 51.014 (specifically permitting appeal of various interlocutory orders but not permitting an individual who is not a governmental unit to appeal from grant or denial of motion to dismiss for lack of subject-matter jurisdiction). We also informed him that this Court lacks jurisdiction over his Carmack Amendment claim, absent a final or appealable judgment or order from a state trial court within our court of appeals district. *See* Tex. Civ. Prac. & Rem. Code §§ 51.012, .014; *see also* Tex. Gov't Code §§ 22.220 (establishing that each court of appeals has appellate jurisdiction of all civil cases within its district of which state district courts or county courts have jurisdiction), .201(d) (listing counties within Third Court of Appeals District). The Clerk requested a response informing this Court of any basis that exists for jurisdiction.

Appellee Texas State University filed a motion to dismiss the appeal for lack of jurisdiction, arguing that the order is a nonappealable interlocutory order, and that to the extent Watson relies on Texas Civil Practice and Remedies Code Section 51.014(a)(8) to provide jurisdiction, it is inapplicable to this appeal. Section 51.014(a)(8) states that "A person may appeal from an interlocutory order of a district court . . . that grants or denies *a plea to the jurisdiction by a governmental unit* as that term is defined in Section 101.001." Tex. Civ. Prac. Rem. Code § 51.014(a)(8) (emphasis added). Section 101.001 defines "governmental unit" as follows:

> (A)    this state and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing

different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts;

(B)     a political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, public health district, and river authority;

(C)     an emergency service organization; and

(D)     any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution.

*Id.* § 101.001(3). Watson is an individual, not a governmental unit, and thus Section 51.014(a)(8) does not authorize him to appeal from an interlocutory order denying his own motion to dismiss for lack of subject-matter jurisdiction.

Watson filed a response, asserting that this Court has jurisdiction over his appeal under both Section 51.014(a)(4) and Section 51.014(a)(8).[1] Watson asserts that because the Office of the Attorney General of Texas, which is representing the University in this case, opposed Watson's motion to dismiss, "the district court ultimately **GRANTED** a **plea to the jurisdiction by a governmental unit.**"[2] We disagree. A plea to the jurisdiction asserts that a case should be dismissed because the trial court lacks jurisdiction to hear it; we look to the

---

[1] Watson acknowledges that we lack jurisdiction over his Carmack Amendment claim but asserts that if we agree that the district court lacked subject-matter jurisdiction over the University's application for temporary injunction, we would have jurisdiction for a writ of execution. Because we conclude we lack jurisdiction over the appeal, we need not reach this issue. *See* Tex. R. App. P. 47.1.

[2] All emphases in the Court's quotations from Watson's court filings are from the original documents.

substance of the issue raised, not the procedural vehicle by which it is raised, to determine whether an interlocutory appeal may be taken from its grant or denial when a governmental unit is involved. *See Texas Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004). The University **opposed** Watson's motion to dismiss, which asserted that the trial court lacked jurisdiction over the University's petition for injunctive relief because of a concurrently pending federal suit. The University did not argue in its opposition for dismissal of its own suit on jurisdictional grounds. Thus, the trial court's denial of Watson's motion to dismiss is in no way a grant of a governmental unit's plea to the jurisdiction, and Section 51.014(a)(8) does not provide this Court with jurisdiction over Watson's interlocutory appeal of the trial court's order denying his motion to dismiss.

Watson also argues that this Court has jurisdiction over his interlocutory appeal because he asserts that his motion to dismiss for lack of subject-matter jurisdiction sought to dissolve the temporary injunction that the trial court granted to the University. Section 51.014(a)(4) allows a person to appeal from a trial court's interlocutory order that "grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65." Tex. Civ. Prac. & Rem. Code § 51.014(a)(4). Watson argues that his motion to dismiss "sought to dissolve the injunction," and because the motion was denied, this Court has jurisdiction over his appeal. However, Watson's "Amended Motion to Dismiss with Prejudice for Lack of Subject-Matter Jurisdiction" in substance, as well as in name, challenges the trial court's authority to hear the University's application for temporary restraining order and temporary and permanent injunctions. *See Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) ("[W]e look to the substance of a motion to determine the relief sought, not merely to its title.").

4

In the amended motion to dismiss, which was filed after the trial court granted the temporary injunction, Watson argues that there are seven jurisdictional bars to the trial court's granting the temporary restraining order. Even liberally construing the motion, which argues that the temporary restraining order (not the temporary injunction) was "fraudulently obtained" because there was also a federal case pending, Watson's challenge remains a challenge to the trial court's jurisdiction to hear the University's petition seeking injunctive relief, not a challenge to the trial court's order granting the temporary injunction. Watson asserts that while the federal case is pending with the Fifth Circuit Court of Appeals, "[n]o other JUDICIAL ACTIONS . . . may be taken while the subject-matter is before the *Fifth Circuit.*" In the amended motion to dismiss, Watson does not challenge the temporary injunction itself—his complaint is that the trial court considered the request for injunctive relief at all.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Triana, and Smith

Dismissed for Want of Jurisdiction

Filed: December 30, 2020