# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-23-00169-CV

**In re Michael D. Johnson**

ORIGINAL PROCEEDING FROM COMAL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Michael D. Johnson has filed a document styled as a "Statement in Support of Criminal Allegations," which we construe as a petition for writ of mandamus based on the substance of his filing. *See Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (courts look to substance of pleading rather than its form or caption to determine its nature). In his filing, Relator alleges that he was threatened by a district court judge during a hearing in an underlying criminal proceeding. He also contends that two county police officers conspired to commit a litany of criminal offenses in furtherance of allegedly false criminal charges brought against Relator as part of that same proceeding.

Insofar as Relator seeks mandamus relief against the district court, he has failed to demonstrate in his filing that the action he seeks to compel (if any) is a ministerial act, *see In re State ex rel. Tharp*, 393 S.W.3d 751, 754 (Tex. Crim. App. 2012), or to explain the basis for our

purported authority to consider his "criminal complaints."[1]  Nor has he provided an adequate record of any material documents or authenticated transcript that would allow us to substantiate the allegations contained in his filing.  *See* Tex. R. App. P. 52.7(a).

As to the officers referenced in the filing, this Court has no authority to issue a writ of mandamus against those individuals unless necessary to enforce our jurisdiction, which is not implicated here.  *See* Tex. Gov't Code § 22.221 (establishing that intermediate appellate courts have jurisdiction to issue writs of mandamus only against certain types of judges and to enforce appellate courts' own jurisdiction)

Accordingly, relator's petition for writ of mandamus is denied.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Filed:  March 31, 2023

---

[1]  Generally, the State Commission on Judicial Conduct has the authority to consider complaints alleging judicial misconduct or judicial disability, if any.  *See generally, e.g.*, *In re Rose*, 144 S.W.3d 661 (Tex. Rev. Trib. 2004).