

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-24-00449-CV

**IN RE** Stacey Bernard **MARTIN,** Relator

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
               Luz Elena D. Chapa, Justice
               Lori Massey Brissette, Justice

Delivered and Filed: October 23, 2024

PETITION FOR WRIT OF MANDAMUS DENIED

Pro se relator Stacey Bernard Martin has filed a petition for writ of mandamus.[2] This court has determined that relator is not entitled to any of the relief sought.

Relator asserts the trial court erred by entering a temporary restraining order on November 6, 2023, that gave custody of his son to someone else.[3] Relator also complains about a second ruling ordering that visits with his children be supervised, requiring him to pay for the supervising therapist, and requiring him to attend therapy.[4] Neither order complained of has been properly set

---

[1] This proceeding arises out of Cause No. 2023-CI-18641, in the166th Judicial District Court, Bexar County, Texas the Honorable Christine Vasquez-Hortick and the Honorable Rosie Alvarado presiding.

[2] On July 9, 2024, relator filed a petition for writ of mandamus. On July 26, 2024, relator filed a motion which we treat as a petition for writ of mandamus based on the substance of his filing and the relief sought. *See Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (considering the substance of pleading rather than form or caption to determine its nature). We will treat both filings as a single petition for writ of mandamus.

[3] Relator asserts that Judge Hortick issued the TRO, but the record does not include evidence of the order.

[4] Relator asserts that Judge Alvarado made this ruling on or about December 5, 2023, but the record does not include evidence of the order.

before this court as part of the record. *See* TEX. R. APP. P. 52.3(k)(1)(A) (appendix must contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"); *In re Manon*, No. 04-18-00311-CV, 2018 WL 2943562, at *2 (Tex. App.—San Antonio June 13, 2018, orig. proceeding) (citing *In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding) for the proposition that an oral ruling may be reviewed by mandamus when it is a clear, specific, enforceable order clearly demonstrated on the record).

A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184-85 (Tex. 1978). *See also In re Jackson*, No. 04-10-00463-CR, 2010 WL 2681366, at *1 (Tex. App.—San Antonio July 7, 2010, orig. proceeding) (mem. op.) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). This court cannot review relator's complaints in the absence of the challenged orders.

Relator also asks for relief which this court does not have authority to grant including the filing of criminal charges and orders directing the grand jury and district attorney to take specific action.

By statute, this court only has the authority to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district" and other writs as necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a)-(b). We conclude these requested orders are not necessary to enforce our jurisdiction.

Because relator has not shown that he is entitled to the relief he requests, his petition for writ of mandamus is DENIED.

PER CURIAM