In The

Court of Appeals

Ninth District of Texas at Beaumont

____________________

NO. 09-03-227 CV
____________________

WYETH, f/k/a AMERICAN HOME PRODUCTS CORPORATION, Appellant

V.

MERLE HALL, Appellee




On Appeal from the 58th District Court
Jefferson County, Texas
Trial Court Cause No. A-160,872




OPINION
         Wyeth was sued in Jefferson County, Texas, by Linda Boderek, who claimed
injuries allegedly sustained from taking various prescription diet drugs. Merle Hall --
and numerous others -- filed a petition in intervention. In response, Wyeth filed a motion
to transfer venue and an objection to Hall’s intervention. Wyeth asserts the trial court
erred in denying Wyeth’s motion and objection. Wyeth filed an interlocutory appeal
under Tex. Civ. Prac. & Rem. Code Ann. § 15.003(c) (Vernon 2002). Hall argues this
Court has no jurisdiction to hear the appeal. 
Jurisdiction
         Hall advances two reasons why this Court does not have jurisdiction. First, she
relies on section 15.003(c), which provides that after perfection of the appeal of the order
denying intervention or joinder, the court of appeals shall “render its decision not later
than the 120th day” after the complaining party’s perfection date.


 Since Wyeth perfected
its appeal on May 16, 2003, Hall maintains this Court was required to render its decision
by September 16, 2003 (the 120th day after Wyeth’s perfection of the appeal), or lose
jurisdiction of the appeal. However, there is nothing in section 15.003(c) calling for the
overruling of the appeal by operation of law on the 120th day. Nor does the statute say
the 120 day period is jurisdictional. In determining whether a timing provision is
intended to be jurisdictional, we look at the statute’s language to see if there is a
noncompliance restraint. See Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 495 (Tex.
2001). If a statutory provision requires an act be performed within a certain time without
any words restraining the act’s performance after that time, the timing provision generally
is considered to be directory. Id. Section 15.003(c) does not contain a noncompliance
penalty. Nor does it contain words prohibiting the rendering of a decision after 120 days.
See § 15.003(c). We conclude the provision is directory, not jurisdictional. And even
if we were to determine the interlocutory appeal was overruled by operation of law,
which we do not, we would retain plenary jurisdiction for sixty days after judgment. See
Tex. R. App. P. 19.1(a). Hall’s first jurisdictional argument has no merit. 
         Hall’s second argument is that we have no jurisdiction because the trial court’s
order is a venue determination, not a joinder or intervention decision. The significance
of the distinction is that the appeal of a trial court’s venue determination must be taken
after final judgment, but the trial court’s joinder or intervention decision is subject to
interlocutory appeal. See Tex. Civ. Prac. & Rem. Code Ann. §§ 15.003(c), 15.064
(Vernon 2002). The parties disagree on whether the trial court made a venue decision
or a joinder decision. Hall relies on the trial court’s order, which contains the statement
that “the Court denies the Defendant’s motion to transfer venue.” Wyeth points to the
contents of its motion, covering both venue and intervention; to the order’s title, which
encompasses both venue and intervention; and to the record of the hearing on Wyeth’s
motion.
          We look at the pleadings and the record to determine our jurisdiction here. Hall
pleaded section 15.003 and Rule 40 as authority for her intervention in the suit in
Jefferson County. To be entitled to intervene, she had to establish, independently of any
other plaintiff, that Jefferson County is a county of proper venue,


 or she had to satisfy
the four intervention requirements set out in section 15.003(a), (b)(2). Hall did not plead
any venue facts or submit any evidence establishing Jefferson County as a county of
proper venue under the mandatory, general, or permissive venue statutes, and she offered
no argument or evidence at the hearing that Jefferson County is the “proper venue.” The
record of the hearing on Wyeth’s motion reveals the trial judge addressed the intervention
issue -- specifically, the third intervention factor, “essential need.” 
         In Surgitek, Bristol-Myers Corp. v. Abel, 997 S.W.2d 598, 601 (Tex. 1999), the 
Supreme Court considered a “venue transfer order following a motion to transfer venue.” 
Id. at 601. Employing a “functional,” rather than a “formalistic,” approach, the
Supreme Court declared it would “not be so constrained by the form or caption of a
pleading . . . . [W]e look to the substance of a motion to determine the relief sought, not
merely to its title.” Id (citation omitted). When a trial court’s order necessarily
determines a plaintiff’s joinder under section 15.003(a), the statute allows for either
party to contest the decision by taking an interlocutory appeal. See American Home
Prods. Corp. v. Clark, 38 S.W.3d 92, 96 (Tex. 2000). See § 15.003(c). Because Hall
did not plead or offer evidence of any venue facts establishing proper venue
independently of any other plaintiff, the trial court’s order on Wyeth’s motion necessarily
is predicated on a decision about the propriety of the plaintiffs’ joinder under section
15.003. We have jurisdiction over Wyeth’s appeal. 
           We review the trial court’s denial of Hall’s intervention by reviewing the entire
record de novo, with no deference to the trial court. See Surgitek, 997 S.W.2d at 602-03; § 15.003(c)(1). The plaintiff must offer prima facie proof of each joinder element
in section 15.003(a), (b)(2). Surgitek, 977 S.W.2d at 602-03. A review of the record
reveals Hall did not offer evidence on each of the four joinder elements. Hall did not
present prima facie proof sufficient to satisfy the requirements of section 15.003. 
         Hall contends Wyeth waived its venue challenge because it failed to diligently
pursue a hearing on its motion to transfer venue. We have no jurisdiction to consider 
an issue relating to venue, because venue issues are not subject to interlocutory appeal. 
See Tex. Civ. Prac. & Rem. Code Ann. § 15.064 (Vernon 2002). At the hearing
before the trial court, Hall appears to have argued Wyeth waived the joinder issue. But
section 15.003 has no due diligence requirement. Texas courts have held that a 
complaint about misjoinder must be made prior to submission of the case to the trial
court. See generally Rosales v. H. E. Butt Grocery Co., 905 S.W.2d 745, 751 (Tex.
App.--San Antonio 1995, writ denied). Wyeth’s objection to joinder met that
requirement. 
         Hall argues the trial court could not have made a joinder determination because
there are no other plaintiffs left in the case with whom Hall may join. She says the other
parties settled their claims. The record contains no severance order severing those
parties. There are, however, docket sheet entries reflecting dismissals of numerous
plaintiffs’ cases with prejudice, and one order dismissing without prejudice one
intervenor’s claim against two other defendants. Regardless, an improper joinder issue
under § 15.003 does not become irrelevant simply because there is no longer a pending
lawsuit to join; it would be a strange interpretation of the statute to say an improper
intervention becomes unchallengeable when there is nothing left in which to intervene. 
         We hold that this Court has jurisdiction over the appeal and that Hall has not met
her burden of establishing the joinder elements, as required by section 15.003. The
objection to the intervention should have been sustained. We reverse and remand this
case to the trial court for further proceedings consistent with this opinion. 
 
 
         REVERSED AND REMANDED.
                                                                 _________________________________
                                                                           DAVID B. GAULTNEY
                                                                                      Justice
Submitted on October 2, 2003
Opinion Delivered October 10, 2003

Before McKeithen, C.J., Burgess and Gaultney, JJ.