WYETH, f/k/a American Home Products Corporation, Appellant,

v.

Merle HALL, Appellee.

No. 09–03–227–CV.

Court of Appeals of Texas, Beaumont.

Submitted on Oct. 2, 2003.

Decided Oct. 10, 2003.

Robbi B. Hull, Paul E. Stallings, Robert M. Schick, Vinson & Elkins, LLP, Houston, Patricia A. Dean, Steven G. Reade, Arnold & Porter, Washington, D.C., for appellant.

Richard N. Laminack, Thomas W. Pirtle, Dana A. Morris, Buffy K. Martines, O'Quinn, Laminack & Pirtle, LLP, Houston for appellees.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DAVID B. GAULTNEY, Justice.

Wyeth was sued in Jefferson County, Texas, by Linda Boderek, who claimed injuries allegedly sustained from taking various prescription diet drugs. Merle Hall—and numerous others—filed a petition in intervention. In response, Wyeth filed a motion to transfer venue and an objection to Hall's intervention. Wyeth asserts the trial court erred in denying Wyeth's motion and objection. Wyeth filed an interlocutory appeal under TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c) (Vernon 2002). Hall argues this Court has no jurisdiction to hear the appeal.

### JURISDICTION

Hall advances two reasons why this Court does not have jurisdiction. First, she relies on section 15.003(c), which provides that after perfection of the appeal of the order denying intervention or joinder, the court of appeals shall "render its decision not later than the 120th day" after the complaining party's perfection date.[1] Since Wyeth perfected its appeal on May 16, 2003, Hall maintains this Court was required to render its decision by September 16, 2003 (the 120th day after Wyeth's perfection of the appeal), or lose jurisdiction of the appeal. However, there is nothing in section 15.003(c) calling for the overruling of the appeal by operation of law on the 120th day. Nor does the statute say the 120 day period is jurisdictional. In determining whether a timing provision is intended to be jurisdictional, we look at the statute's language to see if there is a noncompliance restraint. *See Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 495 (Tex.2001). If a statutory provision requires an act be performed within a certain time without any words restraining the act's performance after that time, the timing provision generally is considered to be directory. *Id.* Section 15.003(c) does not contain a noncompliance penalty. Nor

---

1. After perfecting appeal on May 16, 2003, Wyeth filed its brief on June 24, 2003. Hall filed her brief July 14, 2003. Wyeth filed its reply brief on September 26, 2003. Oral argument was heard on October 2, 2003.

does it contain words prohibiting the rendering of a decision after 120 days. *See* § 15.003(c). We conclude the provision is directory, not jurisdictional. And even if we were to determine the interlocutory appeal was overruled by operation of law, which we do not, we would retain plenary jurisdiction for sixty days after judgment. *See* TEX.R.APP. P. 19.1(a). Hall's first jurisdictional argument has no merit.

 Hall's second argument is that we have no jurisdiction because the trial court's order is a venue determination, not a joinder or intervention decision. The significance of the distinction is that the appeal of a trial court's venue determination must be taken after final judgment, but the trial court's joinder or intervention decision is subject to interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 15.003(c), 15.064 (Vernon 2002). The parties disagree on whether the trial court made a venue decision or a joinder decision. Hall relies on the trial court's order, which contains the statement that "the Court denies the Defendant's motion to transfer venue." Wyeth points to the contents of its motion, covering both venue and intervention; to the order's title, which encompasses both venue and intervention; and to the record of the hearing on Wyeth's motion.

 We look at the pleadings and the record to determine our jurisdiction here. Hall pleaded section 15.003 and Rule 40 as authority for her intervention in the suit in Jefferson County. To be entitled to intervene, she had to establish, independently of any other plaintiff, that Jefferson County is a county of proper venue,[2] or she had to satisfy the four intervention require-

ments set out in section 15.003(a), (b)(2). Hall did not plead any venue facts or submit any evidence establishing Jefferson County as a county of proper venue under the mandatory, general, or permissive venue statutes, and she offered no argument or evidence at the hearing that Jefferson County is the "proper venue." The record of the hearing on Wyeth's motion reveals the trial judge addressed the intervention issue—specifically, the third intervention factor, "essential need."

 In *Surgitek, Bristol–Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex.1999), the Supreme Court considered a "venue transfer order following a motion to transfer venue." *Id.* at 601. Employing a "functional," rather than a "formalistic," approach, the Supreme Court declared it would "not be so constrained by the form or caption of a pleading.... [W]e look to the substance of a motion to determine the relief sought, not merely to its title." *Id.* (citation omitted). When a trial court's order necessarily determines a plaintiff's joinder under section 15.003(a), the statute allows for either party to contest the decision by taking an interlocutory appeal. *See American Home Prods. Corp. v. Clark*, 38 S.W.3d 92, 96 (Tex.2000). *See* § 15.003(c). Because Hall did not plead or offer evidence of any venue facts establishing proper venue independently of any other plaintiff, the trial court's order on Wyeth's motion necessarily is predicated on a decision about the propriety of the plaintiffs' joinder under section 15.003. We have jurisdiction over Wyeth's appeal.

 We review the trial court's denial of Hall's intervention by reviewing the

---

**2.** Section 15.001 of the venue chapter defines "proper venue" as follows: "(1) the venue required by the mandatory provisions of Subchapter B or another statute prescribing mandatory venue; or (2) if Subdivision (1) does not apply, the venue provided by this subchapter [Subchapter A. Definitions; General Rules] or Subchapter C [Permissive Venue]." TEX. CIV. PRAC. & REM.CODE ANN. § 15.001(b) (Vernon 2002) (footnotes omitted).

entire record *de novo,* with no deference to the trial court. *See Surgitek,* 997 S.W.2d at 602–03; § 15.003(c)(1). The plaintiff must offer *prima facie* proof of each joinder element in section 15.003(a), (b)(2). *Surgitek,* 997 S.W.2d at 602–03. A review of the record reveals Hall did not offer evidence on each of the four joinder elements. Hall did not present *prima facie* proof sufficient to satisfy the requirements of section 15.003.

 Hall contends Wyeth waived its venue challenge because it failed to diligently pursue a hearing on its motion to transfer venue. We have no jurisdiction to consider an issue relating to venue, because venue issues are not subject to interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.064 (Vernon 2002). At the hearing before the trial court, Hall appears to have argued Wyeth waived the joinder issue. But section 15.003 has no due diligence requirement. Texas courts have held that a complaint about misjoinder must be made prior to submission of the case to the trial court. *See generally Rosales v. H.E. Butt Grocery Co.,* 905 S.W.2d 745, 751 (Tex.App.-San Antonio 1995, writ denied). Wyeth's objection to joinder met that requirement. Hall argues the trial court could not have made a joinder determination because there are no other plaintiffs left in the case with whom Hall may join. She says the other parties settled their claims. The record contains no severance order severing those parties. There are, however, docket sheet entries reflecting dismissals of numerous plaintiffs' cases with prejudice, and one order dismissing without prejudice one intervenor's claim against two other defendants. Regardless, an improper joinder issue under § 15.003 does not become irrelevant simply because there is no longer a pending lawsuit to join; it would be a strange interpretation of the statute to say an improper intervention becomes unchallengeable when there is nothing left in which to intervene.

We hold that this Court has jurisdiction over the appeal and that Hall has not met her burden of establishing the joinder elements, as required by section 15.003. The objection to the intervention should have been sustained. We reverse and remand this case to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.