WELLS FARGO BANK TEXAS, N.A., Appellant,

v.

Frank BARTON, Robert Elizondo, Luis J. Flores, Oscar O. Flores, Lorenzo Buitran, Roland López, Luis F. Peña, Joe M. Peña, Pete Perez, Individually and as President of Hancock Construction & Services, Inc., and Olivero Guajardo, Sr., Appellees.

No. 04–02–00545–CV.

Court of Appeals of Texas, San Antonio.

Jan. 15, 2003.

W. Wendell Hall, Rosemarie Kanusky, Fulbright & Jaworski L.L.P., San Antonio, Von A. Jones, Oden & Jones, L.L.P., Alice, for appellant.

William J. Tinning, Harris Meija & Tinning, LLP, Portland, Calixtro Villarreal, Law Offices of Calixtro Villarreal, Jr., Rio Grande City, Bryan K. Harris, Corpus Christi, Jaime E. Carrillo, Carrillo Law Office, L.L.P., Kingsville, for appellees.

Sitting: ALMA L. LOPEZ, Chief Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

Opinion by: PAUL W. GREEN, Justice.

In this interlocutory appeal, Wells Fargo Bank Texas, N.A. (the Bank) complains of the trial court's order allowing the joinder of appellees, Frank Barton, Robert Elizondo, Luis J. Flores, Oscar O. Flores, Lorenzo Buitran, Roland López, Luis F. Peña, Joe M. Peña, Pete Perez, Individually and as President of Hancock Construction & Services, Inc., and Olivero Guajardo, Sr., as parties in the underlying lawsuit filed by plaintiff Carlos Montemayor. Because we hold joinder of these parties was improper, we reverse the trial court's order and remand for further proceedings.

## BACKGROUND

Carlos Montemayor filed suit against the Bank and another defendant, Ben Vorhees, in Duval County, Texas. In the original petition, Montemayor contended that venue was proper in Duval County because Montemayor and Vorhees were residents of Duval County. The Bank filed a motion to transfer venue denying Montemayor's venue facts and an answer subject to the motion to transfer. The motion to transfer venue was denied in September of 1998.

In May of 1998, Montemayor filed a first amended petition [1] that dropped Vorhees as a defendant and substituted Terri Pavelka as a defendant. In a series of

---

1. Montemayor actually filed two pleadings entitled First Amended Original Petition, one filed August 8, 1997, and one dropping Vorhees as a party, filed May 22, 1998.

subsequent petitions beginning with the Fourth Amended Original Petition, filed August 14, 1998, the appellees were added as plaintiffs to the lawsuit. Shortly after the last plaintiff was joined, the Bank objected to the joinder of all the appellees on grounds that the subsequently joined parties could not independently establish venue in Duval County nor could they establish the four alternate requirements of section 15.003(b)(2) of the Texas Civil Practice and Remedies Code. After some delays necessitated by bankruptcy stays, the trial court denied the Bank's objections, stating that the joined parties had "established the requirements of Section 15.003(b)(2)." [2]

## STANDARD OF REVIEW

In order to join a previously filed lawsuit, each subsequent plaintiff must establish proper venue for the county in which the suit is pending, independently of any other plaintiff. TEX. CIV. PRAC. & REM.CODE 15.003(b)(1) (Vernon Supp.2002). If the person seeking joinder cannot independently establish proper venue, the party may still be allowed to join in the lawsuit if that party can satisfy the four requirements of section 15.003(a)(1–4). *See* TEX. CIV. PRAC. & REM.CODE 15.003(b)(2) (Vernon Supp.2002) (allowing joinder of subsequent plaintiffs if they establish the four elements set out in section 15.003(a)(1–4)). Section 15.003(a) requires the prospective plaintiff to show:

(1) joinder or intervention is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit;

(3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.

TEX. CIV. PRAC. & REM.CODE 15.003(a)(1–4) (Vernon Supp.2002).

■ Any person seeking joinder who is unable to independently establish proper venue, or a party opposing joinder of such a party, may contest the decision of the trial court allowing or denying joinder by taking an interlocutory appeal. TEX. CIV. PRAC. & REM.CODE 15.003(c) (Vernon Supp.2002). If a party has independently established venue under either a permissive or mandatory venue statute, section 15.003(c) does not allow appeal from that decision. *See American Home Prods. Corp. v. Clark,* 38 S.W.3d 92, 96 (Tex. 2000). However, in this case, the trial court specifically denied the Bank's objection to joinder on the ground that the appellees established the alternate requirements of section 15.003(b)(2). Section 15.003(c) permits interlocutory appeal from that decision. *American Home Prods. Corp.,* 38 S.W.3d at 96; *see also Surgitek, Bristol–Myers Corp. v. Abel,* 997 S.W.2d 598, 602 (Tex.1999).

■ This court must determine whether joinder is proper "based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard." TEX. CIV. PRAC. & REM.CODE 15.003(c)(1). Thus we review the trial court's order de novo. *Surgitek,* 997 S.W.2d at 603. The issue

---

**2.** There are two orders, each dealing with a different set of joined parties. However, each order contains the same language indicating

the trial court found the parties had met the requirements of TEX. CIV. PRAC. & REM.CODE 15.003(b)(2).

before this court on interlocutory appeal is not whether venue for the original lawsuit is properly set in Duval County but whether the appellees were entitled to join that lawsuit. *See Teco–Westinghouse Motor Co. v. Gonzalez,* 54 S.W.3d 910, 912 (Tex. App.-Corpus Christi 2001, no pet.).

## DISCUSSION

In the trial court, the Bank argued that none of the appellees could independently establish venue nor could they meet the four alternate requirements of section 15.003(a). The Bank denied the appellees' conclusory assertion that venue was proper as to them in Duval County and presented evidence in the form of affidavits and copies of the disputed contracts to support its request for severance and dismissal or transfer of the joined plaintiffs.

In response, the appellees made the following arguments:

(1) The cause of action accrued and occurred in Duval County;

(2) the Bank's prior motion to transfer venue had been denied;

(3) the Bank waived its right to object to joinder because the motion was not filed subject to the motion to transfer venue; and

(4) "joinder is proper in that there is a common interest in all Plaintiffs because there is an identity for the parties, issues and subject matter."

The appellees filed no affidavits in the trial court nor did they present any evidence at the hearing to support their claims that the cause of action accrued in Duval County or that there is a "common interest"

---

**3.** The only venue facts pled in this lawsuit were raised by Montemayor in the Original Petition and the (first) First Amended Petition. Montemayor alleged that venue was correct in Duval County because Montemayor

and "identity for the parties, issues, and subject matter."

### A.  Section 15.003(b)(2)

■ We begin by addressing the trial court orders' stated ground for joinder. In denying the Bank's objection on this ground, the trial court necessarily found that the appellees established: (a) joinder is proper under the rules of civil procedure; (b) venue in Duval County would not unfairly prejudice another party; (c) there is an essential need to try the appellees' claims in Duval County; and (d) Duval County is a convenient venue for all parties. In its brief, the Bank specifically addresses how appellees failed to establish each of the four elements. Appellees did not respond to this issue in their brief. Appellees have not cited to, nor have we found, any evidence in the record which shows they met all four requirements. Accordingly, they have waived the issue on appeal. *See Interest of J.G.W.,* 54 S.W.3d 826, 832 (Tex.App.-Texarkana 2001, no pet.) (appellee waives issue by failure to brief or make argument on appeal).

### B.  Independent Grounds for Venue

■ Appellees claim they independently established venue as to each of them in Duval County. Appellees base this argument on the fact that the trial court denied the Bank's motion to transfer venue earlier in the progress of the suit. Appellees claim to rely upon the pleadings and the affidavit of Montemayor to support their claim of independent grounds for venue. However, the pleadings do not state any venue facts suggesting that misrepresentations or negotiations occurred in Duval County.[3] Montemayor's affidavit is not a

---

and the defendant, Ben Voorhees, were residents of Duval County. Contrary to appellees' contention, not one of the twelve petitions alleges that the cause of action occurred in Duval County. That contention is made

part of the record before this court. Contrary to appellees' assertion, their reply to the Bank's objection to joinder does not incorporate by reference Montemayor's response and affidavit to the Bank's earlier motion to transfer venue.

Appellees claim, without any citation to the record, that a Bank representative, a Duval county resident, made representations to them in Duval County. We find no evidence in the record to support such a claim.[4] Accordingly, we hold that the trial court could not have properly denied the Bank's objection to joinder by finding the appellees independently established venue in Duval County.

### C. Waiver

■ Appellees claim the Bank's challenge to joinder is in reality a motion to transfer venue. Under appellees' theory, therefore, the Bank waived its right to challenge joinder because the motion was not filed and ruled upon prior to the Bank seeking other affirmative relief and because the motion to transfer had previously been denied.

■ Appellees are mistaken as to the nature of the relief sought in the Bank's objection to joinder. The Bank does not challenge, at this time, the trial court's determination that Montemayor established venue for the lawsuit in Duval County. The Bank does, however, object to

joinder of the appellees in that lawsuit and requests their dismissal or transfer to a county of proper venue. An order transferring venue of certain claims based upon a finding of improper joinder is still a joinder decision, even though the remedy for misjoinder may be transfer rather than outright dismissal. *See Surgitek,* 997 S.W.2d at 604 (reinstating the trial court's order transferring venue of claims by misjoined plaintiffs); *O'Quinn v. Hall,* 77 S.W.3d 438, 445 (Tex.App.-Corpus Christi 2002, no pet.).

There is no requirement that a motion to dismiss a party seeking joinder must be filed before any other pleading or request for relief. *Compare* Tex. Civ. Prac. & Rem. Code 15.003 (no due course of pleading requirement) *with* Tex.R. Civ. P. 86(1) (motion to transfer venue is waived if not filed prior to or concurrent with any other pleading). Further, the Bank acknowledges that it filed, and the trial court denied, a motion to transfer venue. This fact is irrelevant. Assuming, without deciding, that the trial court is correct and the lawsuit filed by Montemayor is properly situated in Duval County, each appellee must show that venue is proper as to each of them. *See* Tex. Civ. Prac. & Rem.Code 15.003(b). We hold the Bank did not waive its right to challenge joinder of the appellees in the Montemayor lawsuit.

---

only by a conclusory statement in the appellees' response to the Bank's objection to joinder and is not supported in the record by any affidavit or evidence. Additionally, Voorhees was dropped as a defendant before any of the appellees joined in the lawsuit. The mere fact that venue for Montemayor's lawsuit may be proper in Duval County does not allow the appellees to bootstrap themselves into venue without an independent showing that venue is proper as to each of them.

4. Although this allegation does not appear in the petitions, Montemayor apparently claimed

representations were made by Voorhees to Montemayor in Duval County. However, Voorhees was dropped as a defendant before any of the appellees were brought into the suit. Not one of the petitions containing the appellees as plaintiffs makes any reference to Voorhees as the source of the alleged representations nor do any of the petitions state where the alleged representations occurred. As previously stated, appellees may not rely on Montemayor's basis for venue without evidence that the same basis exists for each appellee.

## CONCLUSION

To defeat the Bank's objection to joinder, the appellees were required to establish that venue was proper as to each of them in Duval County or that they met the four elements for joinder under section 15.003(b)(2). There is no evidence in the record to support a finding that appellees independently established venue, and appellees waived any challenge to the Bank's assertion that appellees failed to establish the four elements of joinder under section 15.003(b)(2) by failing to brief that issue. Further, we hold the Bank did not waive its right to challenge joinder. Accordingly, we reverse the trial court's order denying the Bank's objection to joinder and remand this appeal to the trial court for entry of an order granting the Bank's objection and either striking the appellees from the lawsuit or transferring their claims to Nueces County as the county of proper venue.