Arturo V. RAMIREZ and Joseph
G. Wiegel, Appellants,

v.

COLLIER, SHANNON, SCOTT, PLLC,
f/k/a Collier, Shannon, Rill &
Scott, PLLC, Appellee.

No. 01–01–00752–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 11, 2003.

Rehearing Overruled Nov. 12, 2003.

Alice Oliver–Parrott, Philip C. Brashier, Burrow & Parrott, L.L.P., Frederick Thomas Dietrich, Frederick T. Dietrich, PLLC, Houston, for Appellants.

John T. Brennan, Womble Carlylyle Sandridge & Rice, PLLC, Mclean, VA, Frank Pinedo, Law Office of Frank Pinedo, Houston, for Appellee.

Panel consists of Justices HEDGES, KEYES, and DUGGAN.*

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION ON MOTION FOR REHEARING

EVELYN V. KEYES, Justice.

Appellants have filed a motion for rehearing. We grant the motion, vacate our previous judgment, withdraw our original opinion, and issue this opinion in its place.

This is an interlocutory appeal by plaintiffs Arturo V. Ramirez and Joseph G. Wiegel of the trial court's order striking Wiegel's intervention under section 15.003 of the Texas Civil Practice and Remedies Code, governing intervention and joinder of plaintiffs in multiple-party cases. TEX. CIV. PRAC. & REM.CODE ANN. § 15.003 (Vernon 2002). We dismiss for want of jurisdiction Ramirez's appeal of the order striking Wiegel's intervention. We affirm the trial court's August 27, 2001 order striking Wiegel's intervention.

### Issues

Appellants present two issues for review: (1) whether Wiegel is entitled to intervene because he independently established venue, satisfying the requirements for intervention or joinder set out in subsection 15.003(b)(1) of the Civil Practice and Remedies Code, and, alternatively, (2) whether Wiegel is entitled to intervene because, although he failed to independently establish venue, he nevertheless satisfied the four requirements for intervention without proper venue set out in subsection 15.003(a), permitting his joinder under subsection 15.003(b)(2). Appellee contends that Wiegel's first issue is a venue ruling from which interlocutory appeal does not lie. As a threshold issue, therefore, we must determine whether we have jurisdiction on interlocutory appeal to review Wiegel's inability to establish venue.

### Background

Plaintiff/appellant, Ramirez, an attorney practicing in Harris County, filed a lawsuit against Kathleen Silbaugh, an attorney in the Washington, D.C. law firm of defendant/appellee, Collier Shannon Scott, PLLC, f/k/a Collier, Shannon, Rill & Scott, PLLC ("Collier"), asserting tort and breach-of-contract claims related to the investment and loss of his funds from an attorney IOLTA account (Interest on Lawyers Trust Accounts). Wiegel, a Wisconsin resident, intervened, asserting similar claims.

Collier filed a motion to strike Wiegel's intervention, alleging that Wiegel neither independently established proper venue nor satisfied the requirements for intervention for a plaintiff unable to establish proper venue, as required by section 15.003 of the Civil Practice and Remedies Code. Following a hearing, the trial court struck Wiegel's intervention by order entered August 6, 2001. In its order, the trial court referenced section 15.002 of the Civil Practice and Remedies Code, the general venue rule. Appellants filed a "Notice of Accelerated Appeal," appealing the "trial court's venue order rendered on August 6, 2001, striking intervenor's [Wiegel's] pleading." Thereafter, on August 27, 2001, the trial court modified its order to reference section 15.003, instead of section 15.002, in striking Wiegel's intervention.

Because venue rulings are not generally subject to interlocutory appeal, we ordered the parties to brief jurisdiction. We, therefore, first address whether this case presents an improper interlocutory appeal from a venue ruling under section 15.002 or solely an interlocutory appeal from a ruling on intervention under section 15.003 and, therefore, whether we have jurisdiction over this appeal in whole or in part.

### Jurisdiction

*Ramirez's Appeal*

■ As a preliminary matter, we must determine whether this Court has jurisdic-

tion over the appeals of both Ramirez, the original plaintiff, and Wiegel, the intervenor. Section 15.003(c) permits "a person seeking intervention or joinder who is unable to independently establish proper venue, or a person opposing intervention or joinder of such a person" to appeal an interlocutory order denying intervention. TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c). As a party to this lawsuit, Ramirez is not seeking intervention or joinder. Because the August 6 and 27, 2001 orders appealed from do not affect Ramirez's rights, and because section 15.003(c) confers on him no right to an interlocutory appeal, Ramirez has no standing to bring this interlocutory appeal. We, therefore, dismiss Ramirez's appeal for want of jurisdiction.

### Appellants' Motion to Amend Notice of Appeal

■ We must next determine whether Wiegel's appeal is properly framed as an interlocutory appeal from the trial court's order of August 6, 2001 or its order of August 27, 2001. Originally, the trial court signed an order on August 6, 2001, striking Wiegel's intervention based on venue under section 15.002. Appellants' notice of accelerated appeal sought review of the August 6 order. The August 6 order was later modified by an August 27, 2001 order, which referenced section 15.003 instead of section 15.002. Appellants filed a motion to amend their notice of appeal to include review of the modified trial court order dated August 27, 2001.

Collier argues that the trial court's August 6, 2001 order established improper venue as to Wiegel as a matter of law under section 15.002 of the Texas Civil Practice and Remedies Code. It points out that section 15.002 is a venue statute and that no interlocutory appeal lies from rulings under that statute. *See* TEX. CIV.

PRAC. & REM.CODE § 15.064. Therefore, it argues, this interlocutory appeal is improper. We disagree.

Both the trial court's order of August 6 and its order of August 27 determined the propriety of Wiegel's joinder under section 15.003. We find, therefore, that the trial court's reference to section 15.002 in the August 6, 2001 order striking Wiegel's intervention was error that was properly corrected in the August 27, 2001 order. Such a ruling is consistent with the effect of the order. Because the trial court's second order modified an existing order after it had been appealed, "the appellate court must treat the appeal as from the subsequent order ... and may treat actions relating to the appeal of the first order as relating to the appeal of the subsequent order." *See* TEX.R.APP. P. 27.3. Because the August 27, 2001 order corrected an error in the August 6, 2001 order, there is nothing to treat as relating to the first order. For the same reason, we decline Collier's invitation to find that venue was established as improper as to Ramirez by the superseded August 6, 2001 order.

Accordingly, we grant appellants' motion to amend their notice of appeal and shall consider this appeal solely as an appeal from the August 27, 2001 order striking Wiegel's intervention under section 15.003 of the Civil Practice and Remedies Code. We turn, therefore, to the central jurisdictional question: whether interlocutory appeal lies from an order striking the intervention or joinder of a plaintiff for failure to independently establish venue.

### Interlocutory Appeal Under Section 15.003(c)

Section 15.003 requires that any person seeking intervention as a plaintiff or joinder in a multiple party suit must independently establish venue; alternatively, he must satisfy the four factors set out in section 15.003(a) that permit the interven-

tion of plaintiffs unable to establish proper venue. TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(a), (b)(1), (2).

Section 15.003(a) provides:

In a suit where more than one plaintiff is joined each plaintiff must, independently of any other plaintiff, establish proper venue. Any person who is unable to establish proper venue may not join or maintain venue for the suit as a plaintiff unless the person, independently of any other plaintiff, establishes that:

(1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit;

(3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is pending is a fair and convenient venue for the person seeking to join in or maintain venue for the suit and the persons against whom the suit is brought.

TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(a).

Section 15.003(b) prohibits intervention or joinder by a plaintiff in a pending suit unless that person, independently of any other plaintiff:

(1) establishes proper venue for the county in which the suit is pending; or

(2) satisfies the requirements of Subdivisions (1) through (4) of Subsection (a).

TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(b).

A person seeking intervention or joinder in a multiple-party suit, therefore, has two options under sections 15.003(a) and (b). He may independently establish venue by satisfying the requirements of section 15.002, the general venue rule.[1] Or, if he cannot independently establish venue, he may establish the four factors set out in section 15.003(a) to justify the intervention or joinder.

Subsection 15.003(c) provides for interlocutory appeal of the trial court's order on intervention or joinder. It provides, in relevant part:

*Any person seeking intervention or joinder, who is unable to independently establish proper venue,* or a party opposing intervention or joinder of such a person *may contest the decision of the trial court allowing or denying intervention by taking an interlocutory appeal to the court of appeals. . . .*

The court of appeals shall:

(1) determine whether the joinder or intervention is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard. . . .

TEX. CIV. PRAC. & REM.CODE § 15.003(c) (emphasis added).

 Wiegel contends that section 15.003(c) permits interlocutory appeal both of the trial court's determination under

**1.** Section 15.002 states that all lawsuits shall be brought:

(1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

(2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;

(3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4) if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

TEX. CIV. PRAC. & REM.CODE ANN. § 15.002(a) (Vernon 2002).

section 15.003(b)(1) that a plaintiff is unable to independently establish venue and of its determination under section 15.003(b)(2) that the plaintiff has not satisfied the four factors in section 15.003(a) that permit intervention without proper venue. Collier replies that independently establishing venue under section 15.003(b)(1) necessarily implies establishing venue as to that person under section 15.002; therefore, a ruling under section 15.003 that an intervenor cannot independently establish venue necessarily implies a finding of improper venue under section 15.002; and, since Texas law holds that venue determinations are not appealable,[2] a ruling that an intervenor has not independently established venue under section 15.003(b)(1) is an unappealable venue ruling; therefore, Wiegel must wait until final judgment to appeal the trial court's ruling that he is unable to establish venue. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 15.0642, 51.014(a), 171.098 (Vernon Supp.2003); TEX.R.APP. P. 28.2. We disagree.

By its plain language, section 15.003(c) confers a right of interlocutory appeal on *any* plaintiff attempting to intervene in or join a multiple plaintiff suit who is "unable to establish venue." In construing a statute, we must give effect to the plain meaning unless to do so would render the statute absurd or meaningless. *Chevron Corp. v. Redmon,* 745 S.W.2d 314, 316 (Tex. 1987); *Mueller v. Beamalloy, Inc.,* 994 S.W.2d 855, 860 (Tex.App.-Houston [1st Dist.] 1999, no pet.). Not only does Collier's interpretation contradict the express language of section 15.003(c) that a "person seeking intervention or joinder, who is unable to independently establish proper venue, . . . may contest the decision of the trial court allowing or denying intervention by taking an interlocutory appeal to the court of appeals," it also renders meaning-

less the explicit mandate of subsection 15.003(c) that the court of appeals shall determine whether the joinder or intervention is proper based on *an independent determination from the record* and not under either an abuse of discretion or substantial evidence standard. TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c) (emphasis added).

Collier's interpretation of section 15.003(c) severely restricts the statutorily mandated authority of the court of appeals to make an independent determination from the record of the propriety of joinder or intervention. It would prohibit our reviewing the intervenor's proof of venue facts and would permit us to review only the plaintiff's proof of the four factors alleged to permit intervention in lieu of establishing venue. Since, under that interpretation, we are not permitted to make our own independent evaluation of the propriety of intervention or joinder from the record, our review becomes a review of the trial court's abuse of discretion—and then only for abuse of discretion with respect to its ruling on the four factors that permit intervention or joinder of plaintiffs unable to establish proper venue—contrary to the express mandate of section 15.003(c)(1).

Not only is Collier's interpretation of section 15.003(c) contrary to the plain language of that section, it is contrary to the Texas Supreme Court's interpretation of it. *See Surgitek, Bristol–Myers Corp. v. Abel,* 997 S.W.2d 598, 601 (Tex.1999) (holding that plain language of subsection 15.003(c) requires court of appeals to "make its own determination of the propriety of joinder under subsection 15.003(a), *with no deference to the trial court's ruling*" (emphasis added); appellate court "is not constrained solely to review the pleadings and affidavits, but should consider the

**2.** *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.064 (Vernon Supp.2003).

entire record, including any evidence presented at the hearing"). Collier would have us give absolute deference to the trial court's implicit negative venue finding, instead of making our own determination of the propriety of joinder under subsection 15.003(a). This we decline to do.

Collier contends, however, that its interpretation is justified by the Texas Supreme Court's holding in *American Home Products Corp. v. Clark* that when "the trial court, even erroneously, decides that venue is *proper* under section 15.002, an interlocutory appeal under section 15.003(c) is unavailable." 38 S.W.3d 92, 96 (Tex.2000) (emphasis added). Collier concludes that the contrary is also true, namely that when the trial court does *not* decide that venue is proper under section 15.002, that implicit finding is an unappealable negative venue fact. Not only is this extrapolation contrary to logic, it is also contrary to the explicit language of *American Home Products*, when the holding in that case is placed in context:

> *Section 15.003 is not a venue statute; it is a joinder statute.* The statute allows an interlocutory appeal for one specific purpose: to contest the trial court's decision allowing or denying intervention or joinder. . . . Section 15.003(c) does not provide for an interlocutory appeal from the trial court's determination that a person seeking intervention or joinder has independently established proper venue. . . . . *When the trial court's order necessarily determines an intervention or joinder issue under section 15.003(a), section 15.003(c) plainly allows for either party to contest that decision by taking an interlocutory appeal. . . . Conversely, if the trial court determines that venue is proper under 15.002, the inquiry is over. This is because section 15.003(a) takes as its starting point a "person who is unable to establish proper venue."* Thus, if the

trial court, even erroneously, decides that venue is proper under section 15.002, an interlocutory appeal under section 15.003(c) is unavailable. Neither courts of appeals nor this Court can review the propriety of the trial court's venue decision.

*Id.*

Collier's interpretation of a determination that a person is unable to establish venue as the establishment of a negative venue fact, rather than as an element in the determination of whether joinder or intervention is proper, disregards *American Home Products'* statements that subsection "15.003 is not a venue statute; it is a joinder statute," and that "[t]he statute allows an interlocutory appeal for one specific purpose: to contest the trial court's decision allowing or denying intervention or joinder." *Id.* A trial court's ruling under section 15.003 is *not* a venue ruling; it is ruling on intervention or joinder; that is what is before us on appeal.

Finally, Collier's characterization of a trial court's finding that a plaintiff seeking intervention or joinder is unable to establish venue as an unappealable venue ruling undermines the purpose of the interlocutory appeal provided by the section 15.003. As Justice Owen stated in her dissenting opinion in *American Home Products* (disagreeing with the majority's holding that a *positive* venue finding for a plaintiff seeking intervention under section 15.003 is unappealable), subsection 15.003(c) was "intended to give appellate courts the power to bring a quick end to instances of blatant forum shopping" by providing interlocutory appeal over joinder of multiple parties in a forum in which venue over their claim does not lie. *American Home Products*, 38 S.W.3d at 98 (Owen, J., dissenting).

On Collier's interpretation of section 15.003(c), a putative plaintiff whose intervention or joinder is struck for failure to independently establish venue must wait until after final judgment to appeal the denial of his intervention on that ground, forcing the whole case to be retried with him as a party if the court of appeals finds that venue was proper as to him after all. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.064. Collier's interpretation thus imports into section 15.003 the very problem it was intended to cure—the postponement until after final judgment of appellate review of decisions on the propriety of intervention or joinder of plaintiffs unable to establish venue in the trial court, with a profligate waste of judicial resources. It frustrates not only the plain language of the statute but its intent, and renders it a virtual nullity.

In the session just ended, the Texas Legislature clarified its intent as to the broad scope of interlocutory appeal under subsection 15.003, legislatively superseding the holding in *American Home Products* that interlocutory appeal does not lie from a ruling by the trial court that venue is proper as to an intervening plaintiff. Section 15.003 now reads, in relevant part, as follows:

> (b) An interlocutory appeal may be taken of a trial court's determination under Subsection (a) that:
>
> (1) a plaintiff did or did not independently establish proper venue; or
>
> (2) a plaintiff that did not independently establish proper venue did or did not establish the items prescribed by Subsection (a)(1)-(4).

TEX. CIV. PRAC. & REM.CODE § 15.003.

While this appeal is brought under the prior version of the statute, there can be no doubt as to the Legislature's intent that interlocutory appeal lie from *every* determination by a trial court in a multiple-party case that a person seeking intervention or joinder as a plaintiff under section 15.003 "did or did not independently establish proper venue," as well as its intent that interlocutory appeal lie from the trial court's determination that "a plaintiff that did not independently establish venue did or did not establish" the four factors in subsection 15.003(a) that permit intervention or joinder in lieu of independently establishing proper venue. *See* TEX. CIV. PRAC. & REM.CODE § 15.003.

We hold that we have jurisdiction to consider Wiegel's interlocutory appeal both of the trial court's determination under section 15.003(b)(1) that he was unable to establish proper venue and of its determination under section 15.003(b)(2) that he failed to establish the four factors set out in 15.003(a) that permit intervention or joinder of a plaintiff unable to independently establish proper venue.

### Wiegel's Appeal

#### *Standard of Review*

■ We review the order denying Wiegel's intervention by reviewing the record de novo and not under an abuse-of-discretion or substantial-evidence standard. TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(c)(1); *Surgitek,* 997 S.W.2d at 603. The intervening plaintiff has the burden to present prima facie proof of the four elements of intervention; if the defendant offers rebuttal evidence, the parties may present pleadings, affidavits, testimony, and limited discovery as proof. *Surgitek,* 997 S.W.2d at 602–03.

#### *Appeal Under Section 15.003(b)(1)*

■ In his first issue, Wiegel contends that he is entitled to intervene under section 15.003(b)(1) because he independently established venue.

To independently establish venue over his cause of action, Wiegel had to present prima facie proof that (1) all, or a substantial part of the events or omissions giving rise to his claim occurred in Harris County; (2) at the time his cause of action accrued, a defendant who was a natural person resided in Harris County; (3) at the time his cause of action accrued, a defendant who was not a natural person had its principal Texas office in Harris County; or, (4), if (1) through (3) did not apply, Wiegel himself resided in Harris County at the time of accrual of the cause of action. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.002 (Vernon 2002).

When the record is examined de novo, it is clear that Wiegel did not, and could not, independently satisfy any of the criteria for proper venue. The Collier law firm is a professional limited liability corporation organized in Washington, D.C., where its only office is located. At the time Wiegel's cause of action accrued, Silbaugh was an attorney with Collier in Washington. Therefore, Wiegel could not satisfy venue requirements based on the residence of the defendants. Wiegel himself is a resident of Wisconsin. Therefore, he could not satisfy venue requirements based on his own residency. Finally, none of the events on which Wiegel bases his causes of action for negligence, breach of contract, breach of fiduciary duties, and conversion, arising out of investments he made through Silbaugh, occurred in Harris County. The trial court properly struck Wiegel's intervention for failure to independently establish venue under subsection 15.003(b)(1).

■ Significantly, although Wiegel couches his first issue—his appeal under subsection 15.003(b)(1)—as an appeal from the trial court's order striking his inter-

vention for failure to establish proper venue, he does not even attempt to argue on appeal that he presented prima facie proof of proper venue, as required by *Surgitek*. *See* 997 S.W.2d at 602. Rather, he argues that, because the venue facts he pled were not specifically challenged by Collier, venue was necessarily established as proper as to him under section 15.002; therefore, since a determination that venue is proper cannot be challenged until after final judgment, this court must find that his intervention was proper under subsection 15.003(b)(1). In short, like Collier, Wiegel is attempting to turn section 15.003 into a venue statute under which, if venue is not challenged, it is waived, and, if it is ruled upon, it cannot be appealed until after final judgment—even if the ruling is implied, negative, and improper.

When Collier moved to strike Wiegel's intervention under section 15.003, alleging Wiegel's inability to establish proper venue under subsection 15.001(a), the burden of proof was on Wiegel to provide prima facie proof of proper venue. *See Surgitek*, 997 S.W.2d at 603. This he utterly failed to do, as the record makes clear.

We overrule Wiegel's first issue as without merit.

### Appeal Under Section 15.003(b)(2)

■ In his second issue, Wiegel contends that he established that his intervention was proper pursuant to section 15.003(b)(2) because he established the four factors set out in section 15.003(a).

The evidence offered by Wiegel to establish his right to intervene consisted of the affidavits of Wiegel and Ramirez and documents from their investigation of the investment plan. An oral hearing was held on July 16–17, 2001. Wiegel's first and second amended petitions in intervention [3]

---

**3.** Wiegel filed a third amended petition in intervention on July 20, 2002, after the hear-

were admitted into evidence at the hearing, together with the affidavits and documents from the investigation. Ramirez was a witness at the hearing. He testified that Wiegel would have difficulty trying his own case in another venue without Ramirez's investigation and resulting documents and contacts, that Wiegel and he would require the same type of experts and could split the costs, and that he would continue to investigate Wiegel's case and share information with him regardless of whether the motion to intervene was granted. The trial court also admitted into evidence the testimony of Silbaugh and Ramirez and the exhibits presented at the hearing on Silbaugh's motion to strike plaintiff's petition for want of jurisdiction.

The evidence indicates that Ramirez and Wiegel pooled their resources by working together, sharing information, and investigating their respective investments. They participated in the same nationwide investment plan. Thus, the issues are the same, and the witnesses are from all over the United States as well as other countries. Furthermore, some of the documents are located in Harris County.

■ Section 15.003(a)(3) requires the intervening plaintiff to establish that "there is an *essential need* to have the person's claim tried *in the county in which the suit is pending*." TEX. CIV. PRAC. & REM.CODE ANN. § 15.003(a)(3) (emphasis added). The "essential need" element requires Wiegel to demonstrate that there is an essential need for his claim *to be tried in Harris County*, not to demonstrate that he has an essential need to try his claim with Ramirez. The burden to establish essential need is extremely high. *Surgitek*, 997 S.W.2d at 604.

In *Surgitek*, the Texas Supreme Court defined "essential" as "indispensably necessary." *Id.* In that case, 104 plaintiffs, unable to independently establish proper venue, tried to join with two plaintiffs who had independently established proper venue, alleging injuries from defective breast implants. *Id.* at 600. The *Surgitek* plaintiffs asserted that there were common facts and issues, that Surgitek designated the same expert witnesses, that the witnesses were located throughout the country, and that the plaintiffs needed to pool their resources against common experts and issues. *Id.* at 604. The Texas Supreme Court held that the plaintiffs had not established essential need. *Id.*

■ In the case before us, Wiegel's attorney tried to show essential need through the use of a common investigator, Ramirez, the pooling of resources, the presence of common facts and issues, and the location of witnesses across the country. The use of a common investigator—who has testified that he will continue to investigate and help if Wiegel is required to file his own suit—does not establish an essential need to try Wiegel's claim in Harris County. In addition, the desire to pool resources against common defendants and experts is not enough to establish essential need. *See id.* Wiegel failed to establish it was "indispensably necessary" to try his claims in Harris County; therefore, Wiegel failed to establish essential need.

Because Wiegel failed to establish "an essential need to have [his] claim tried in the county in which the suit is pending," namely Harris County, as required by subsection 15.003(a)(3), he cannot satisfy the requirements for intervention without

---

ing on Collier's motion to strike the intervention. This petition merely asserted Wiegel

had independent proper venue because of Ramirez's role as his agent.

proper venue. Tex. Civ. Prac. & Rem.Code Ann. § 15.003(a).

We overrule Wiegel's second issue.

### Conclusion

We grant appellants' motion to amend their notice of appeal to include the August 27, 2001 modified order; we dismiss for want of jurisdiction Ramirez's appeal of the order striking Wiegel's intervention; and we affirm the trial court's August 27, 2001 order striking Wiegel's intervention. All pending motions are overruled as moot.

Justice HEDGES concurring.

ADELE HEDGES, Justice, concurring.

I respectfully concur in the judgment only.