

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00083-CV

**HALE LAND AND CATTLE COMPANY, INC.,**
Appellant

v.

**SILVARIS CORPORATION**, d/b/a Low Grade Lumber and Alcalosa Forwarding, Inc.,
Appellees

From the 293rd Judicial District Court, Maverick County, Texas
Trial Court No. 08-12-24038-MCV
Honorable Cynthia L. Muniz, Judge Presiding

No. 04-13-00320-CV

### IN RE HALE LAND AND CATTLE COMPANY, INC.

Original Mandamus Proceeding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Catherine Stone, Chief Justice
            Rebeca C. Martinez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  July 31, 2013

AFFIRMED;
PETITION FOR WRIT OF MANDAMUS DENIED

This consolidated interlocutory appeal and petition for writ of mandamus arise out of the

realignment of parties for purposes of trial and denial of Hale Land and Cattle Company's motion

to transfer venue. Because we conclude Hale affirmatively waived any objection to the request for

realignment which forms the basis of its venue challenge, we overrule Hale's issues in the interlocutory appeal. With respect to the petition for writ of mandamus, because we conclude Hale has an adequate remedy by appeal with respect to the denial of its motion to transfer venue, we deny mandamus relief.

### FACTUAL AND PROCEDURAL BACKGROUND

Silvaris Corporation d/b/a Low Grade Lumber purchased railroad ties from Hale that were to be shipped to Alcalosa Forwarding, Inc. in Eagle Pass, Texas, which would then deliver the shipments to the end user, Silvaris's customer in Mexico. Silvaris initially sued Alcalosa Forwarding, Inc. in Maverick County in December 2008 for civil theft, alleging that some of the railroad ties ordered in July 2008 were never received by its customer in Mexico. In its original petition, Silvaris asserted that venue was proper in Maverick County pursuant to Texas Civil Practice & Remedies Code sections 15.002(a)(1) and (3) because all or a substantial part of the events giving rise to the claims occurred in Maverick County and it was the county of Alcalosa's principal office in Texas. TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a) (West 2002).

Silvaris added Hale Land & Cattle Company as a defendant by its Second Amended Petition in June 2009 and later amended further to add claims against Hale for fraud, breach of contract and declaratory relief.

In March 2010, Alcalosa filed an original cross-claim against its co-defendant Hale.[1] Along with its answer to Silvaris's petition in May 2010, Hale filed a motion to transfer venue to Cass County. The motion was dropped prior to its consideration by the trial court. Hale subsequently

---

[1] Alcalosa entitled its pleading an "original counterclaim"; however, because it is an affirmative claim for relief against its co-party, we refer to it as a cross-claim. *See* TEX. R. CIV. P. 97(e). In its cross-claim against Hale, Alcalosa asserts, as Silvaris did, that venue is proper in Maverick County as the county in which all or a substantial part of the events giving rise to the claims occurred. TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1).

filed a second amended answer, original counterclaim against Silvaris and cross-claim against Alcalosa in September 2010.

Upon the completion of substantial discovery, Silvaris and Alcalosa determined they no longer had any claims against each other, and Alcalosa requested to be realigned with Silvaris because the two shared common claims and defenses against Hale. Silvaris likewise requested the same realignment of the parties for purposes of trial.

At a pre-trial hearing on November 7, 2012, the trial court orally granted Silvaris's and Alcalosa's request for realignment. Hale offered no objection. Counsel for Hale then attempted to re-assert their earlier objections to venue on the basis that, as a result of the realignment, there was no longer a defendant with residence in Maverick County.[2] The trial court declined to address the issue of venue at that time as there was no motion seeking to transfer venue before the court.

Approximately one month later, on December 5, Hale filed its "objections to joinder" and a second motion to transfer venue to Cass County. After a hearing, the trial court signed an order on January 10, 2013 denying Hale's motion to transfer venue on the basis of waiver but took no action with respect to Hale's objections to joinder. Hale filed this interlocutory appeal from the order denying transfer of venue.

Along with its initial brief, Hale filed a motion requesting leave to combine a request for mandamus relief with the interlocutory appeal. This court denied Hale's motion for leave without prejudice to the filing of a separate petition for writ of mandamus. Hale filed its petition for writ of mandamus on May 22, 2013, which was consolidated with the interlocutory appeal by order of this Court on May 23, 2013.

---

[2] Hale makes this assertion despite its cross-claim against Alcalosa filed in September 2010.

In the interlocutory appeal, Hale contends the trial court erred by determining that each of the plaintiffs could independently establish proper venue in Maverick County, and by implicitly determining that Alcalosa established the elements required by the Civil Practice and Remedies Code section 15.003(a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(a) (West Supp. 2012) (providing elements a plaintiff unable to independently establish proper venue must each establish in a suit involving multiple plaintiffs in order to avoid transfer or dismissal). In its mandamus petition, Hale argues the trial court abused its discretion by refusing to transfer venue and, alternatively, by refusing to rule on Hale's objections to joinder.

## DISCUSSION

### *Interlocutory Appeal*

As a threshold issue, we must determine whether this court's appellate jurisdiction is properly invoked. Appellees Silvaris and Alcalosa argue Hale's interlocutory appeal must be dismissed for lack of jurisdiction because "[n]o interlocutory appeal shall lie from" the trial court's determination of venue questions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (West 2002). Hale responds "this is not a venue appeal but a joinder appeal," and interlocutory review is available pursuant to section 15.003(b). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b) (West Supp. 2012) (allowing interlocutory appeal of trial court's determination under subsection (a) of a plaintiff's ability to either establish proper venue or establish the items required by subsections (a)(1)-(4)).

Appellees are correct that, generally, interlocutory appeal is not available from the trial court's determination of a venue question. *See id.* § 15.064(a). The legislature has provided in section 15.003(b), however, in cases involving multiple plaintiffs, a limited right to interlocutory appeal to challenge a trial court's determination that a plaintiff did or did not independently

establish proper venue, or did or did not establish the items required by subsections (a)(1)-(4).[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(b). We determine that this court has jurisdiction over this interlocutory appeal pursuant to section 15.003(b). *See Ramirez v. Collier, Shannon, Scott, PLLC*, 123 S.W.3d 43, 50 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (discussing changes to the language of section 15.003 since the Texas Supreme Court's holding in *Am. Home Prod. Corp. v. Clark*, 38 S.W.3d 92 (Tex. 2000)). We must now consider the issues raised by Hale's "joinder appeal."

Hale contends the trial court's realignment of parties for purposes of trial at the pre-trial hearing on November 7, 2012 was, in effect, a joinder of Alcalosa as an additional plaintiff. Despite the fact that Silvaris and Alcalosa had previously requested realignment on several occasions beginning as early as January 2011, Hale did not assert any objections to "joinder" until after the trial court orally granted Alcalosa's and Silvaris's request to realign the parties. At the pre-trial hearing on November 7, Hale's counsel affirmatively stated on the record that Hale had no opposition to the request for realignment. Nearly one month later, on December 5, Hale filed objections to "joinder" asserting that Alcalosa was unable to independently establish venue in Maverick County or to meet the requirements of section 15.003(a)(1)-(4). TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(a).

---

[3] Section 15.003(a) includes: "If a plaintiff cannot independently establish proper venue, that plaintiff's part of the suit, including all of that plaintiff's claims and causes of action, must be transferred to a county of proper venue or dismissed, as is appropriate, unless that plaintiff, independently of every other plaintiff, establishes that: (1) joinder of that plaintiff or intervention in the suit by that plaintiff is proper under the Texas Rules of Civil Procedure; (2) maintaining venue as to that plaintiff in the county of suit does not unfairly prejudice another party to the suit; (3) there is an essential need to have that plaintiff's claim tried in the county in which the suit is pending; and (4) the county in which the suit is pending is a fair and convenient venue for that plaintiff and all persons against whom the suit is brought." TEX. CIV. PRAC. & REM. CODE ANN. § 15.003(a).

Even if we were to agree that the trial court's realignment of the parties for purposes of trial was, as Hale suggests, a "joinder" ruling,[4] Hale waived any complaint by its affirmative representation of "no opposition" to the realignment prior to the trial court's ruling. Because Hale has waived any objection to joinder, we overrule the issues raised in Hale's interlocutory appeal. *See* TEX. R. APP. P 33.1.

### *Mandamus Relief*

Turning to Hale's request for mandamus relief with respect to the trial court's denial of its motion to transfer venue, the court is of the opinion Hale is not entitled to the requested relief. The denial of a motion to transfer venue is generally not grounds for mandamus review, absent exceptional circumstances. *In re Masonite Corp.*, 997 S.W. 2d 194, 197 (Tex. 1999) (orig. proceeding) (remedy by appeal is generally adequate even though it may involve more delay and expense; venue determinations as a rule are not reviewable by mandamus). On rare occasions, an appellate remedy may become inadequate, such as when a trial court's actions are taken with such disregard for guiding principles of law that irreparable harm will result. *Id*. Hale argues such exceptional circumstances exist in this instance. We disagree.

Even if the trial court's venue determination were erroneous, the merits of which we do not address, we conclude Hale has not established it lacks an adequate remedy by appeal, which is a prerequisite to mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); *see also In re Masonite Corp.*, 997 S.W.2d at 199 (where the trial

---

[4] Parties and claims may be brought into a lawsuit by any one of several methods, including original petition (TEX. R. CIV. P. 22), counterclaim (TEX. R. CIV. P. 97), cross-claim (TEX. R. CIV. P. 97 (e)), impleader (TEX. R. CIV. P. 38), intervention (TEX. R. CIV. P. 60, 61) and others. The record indicates Alcalosa has been a party to the lawsuit since 2008 and has been placed in the attitude of plaintiff as to Hale since its original cross-claim in March 2010. *See* TEX. R. CIV. P. 85.

court erroneously denies venue transfer motion and only the resources of the errant trial court and the parties are involved, mandamus will not issue).

## CONCLUSION

Based upon the foregoing analysis, we overrule the issues raised by Hale's interlocutory appeal. Additionally, because Hale has failed to establish it does not have an adequate remedy by appeal of the venue determination following trial on the merits, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8 (a).

Rebeca C. Martinez, Justice