Opinion issued May 11, 2021



In The

# Court of Appeals

For The

# First District of Texas

—————————————————

## NO. 01-20-00662-CV

—————————————————

## SAN JACINTO RIVER AUTHORITY, Appellant

## V.

## RICHARD GUAJARDO, JOHN TAYLOR, ROBERT LOWRY, AND FOUNTAIN MATURI, Appellees

---

**On Appeal from County Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 112343**

---

## MEMORANDUM OPINION

This case is an interlocutory appeal of the trial court's denial of appellant San Jacinto River Authority's motion to dismiss or transfer improperly joined plaintiffs pursuant to Texas Civil Practice and Remedies Code section 15.003, which requires each plaintiff in a multi-plaintiff lawsuit to "independently establish proper venue."

TEX. CIV. PRAC. & REM. CODE § 15.003(a). Because we conclude that the trial court erred, we reverse and remand.

## Background

The River Authority is a conservation and reclamation district and subdivision of the State of Texas, charged with developing, conserving, and protecting water resources in the San Jacinto River basin. Included among its various duties, the River Authority oversees releasing water from the Lake Conroe Dam into the West Fork of the San Jacinto River. In the aftermath of Hurricane Harvey, which made landfall along the Texas Gulf Coast in August 2017, the River Authority determined that a release of water from the Lake Conroe Dam was necessary to adjust for the dramatic flooding caused by the storm. The release of the water flooded downstream properties.

In August 2019, appellees John Taylor, Robert Lowry, and Fountain Maturi, along with thirteen other individuals, filed suit against the River Authority in Harris County Civil Court at Law No. 1 in a case styled *Melvin Grothe, et al. v. San Jacinto River Authority* (the *Grothe* case). Appellee Richard Guajardo and two other individuals filed a separate suit, styled *William Collins, et al. v. San Jacinto River Authority*, in the same court (the *Collins* case). Both petitions asserted a cause of action for inverse condemnation and unconstitutional taking, alleging that the River Authority was liable for damages to real property caused when it released water from

2

the Lake Conroe Dam. In their petitions, the majority of the *Grothe* and *Collins* plaintiffs identified their affected properties as being in Harris County. The four appellees here—Taylor, Lowry, Maturi, and Guajardo—provided addresses for properties located in Montgomery County. The plaintiffs in both the *Grothe* and *Collins* cases further alleged that venue was proper in Harris County pursuant to Civil Practice and Remedies Code sections 15.002 (the general-venue provision) and 15.011 (a mandatory venue provision for suits involving land). The River Authority filed answers in both the *Grothe* and *Collins* cases.

On June 9, 2020, the trial court consolidated the *Grothe* and *Collins* cases into the underlying lawsuit, which raised the same issues.

On August 11, 2020, the River Authority filed a "Motion to Dismiss/Transfer Improperly Joined Plaintiffs." The motion, filed pursuant to Civil Practice & Remedies Code section 15.003, argued that Taylor, Lowry, Maturi, and Guajardo (the Montgomery County plaintiffs) had been improperly joined with the other plaintiffs whose property was in Harris County. The River Authority cited Civil Practice and Remedies Code section 15.011, providing that venue was mandatory where all or part of the real property was located. Thus, the River Authority argued, the Montgomery County plaintiffs could not establish, independently of the other plaintiffs in the consolidated cases, that venue was proper in Harris County. The River Authority requested the trial court to transfer the claims of the Montgomery

County plaintiffs or to dismiss them because their properties are in Montgomery County.

The Montgomery County plaintiffs responded to the motion, pointing out that the River Authority had answered the original *Grothe* and *Collins* petitions and participated in litigation prior to the consolidation of the cases. They asserted that the Motion to Dismiss/Transfer Improperly Joined Plaintiffs was untimely because it had not been filed before any other pleading as required by Rule of Civil Procedure 86(1). At the hearing on the motion, the Montgomery County plaintiffs further argued that the River Authority had "judicially admitted" the elements of section 15.003(a), which provides a limited exception to the general rule that all plaintiffs must independently establish proper venue.

The trial court denied the Motion to Dismiss/Transfer Improperly Joined Plaintiffs without explaining its reasoning or making findings. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE § 15.003(c) (permitting interlocutory appeal from ruling under section 15.003).

## Analysis

In its sole issue on appeal, the River Authority argues that the trial court erred in denying its Motion to Dismiss/Transfer Improperly Joined Plaintiffs filed pursuant to Civil Practice and Remedies Code section 15.003.

4

Section 15.003 provides:

In a suit in which there is more than one plaintiff, whether the plaintiffs are included by joinder, by intervention, because the lawsuit was begun by more than one plaintiff, or otherwise, each plaintiff must, independently of every other plaintiff, establish proper venue. If a plaintiff cannot independently establish proper venue, that plaintiff's part of the suit, including all of that plaintiff's claims and causes of action, must be transferred to a county of proper venue or dismissed, as is appropriate, unless that plaintiff, independently of every other plaintiff, establishes that:

(1) joinder of that plaintiff or intervention in the suit by that plaintiff is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue as to that plaintiff in the county of suit does not unfairly prejudice another party to the suit;

(3) there is an essential need to have that plaintiff's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is pending is a fair and convenient venue for that plaintiff and all persons against whom the suit is brought.

*Id.* § 15.003(a).

Because section 15.003(a) "takes as its starting point" a plaintiff who cannot establish proper venue, we must first determine whether a plaintiff can independently establish proper venue. *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 602 (Tex. 1999) (citing TEX. CIV. PRAC. & REM. CODE § 15.003(a)). This determination is made "using venue proof standards—if the plaintiff offers prima facie proof through pleadings and affidavits that venue is proper, the inquiry is over." *Id.* "Proper venue" means: (1) the venue, as provided by subchapter B of

5

Chapter 15 of the Civil Practice and Remedies Code or any other statute prescribing mandatory venue; or (2) if there is no mandatory venue, the venue provided under the general venue statute or the permissive venue provisions of subchapter C of chapter 15. TEX. CIV. PRAC. & REM. CODE § 15.001(b).

The Montgomery County plaintiffs identified their addresses in their original petitions, and they do not dispute that their affected properties are in Montgomery County. Civil Practice and Remedies Code section 15.011 provides that, for suits involving land, venue is mandatory in the county where the property is located:

> Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

*Id.* § 15.011. Because this suit involves injury to land, this mandatory venue provision applies. Accordingly, we conclude that the Montgomery County plaintiffs cannot independently establish that venue for their claims is proper in Harris County. *See id.* §§ 15.001, 15.011.

We turn next to whether the limited exception set out in section 15.003(a) applies to the claims of the Montgomery County plaintiffs. "[S]ection 15.003(a) expressly places the burden on the plaintiff to 'establish' four elements before she can join venue for the suit." *Surgitek*, 997 S.W.2d at 602. The plaintiff must offer prima facie proof of the four elements. The statutory language "contemplates the

admission, in some instances, of a broader range of evidence than would be admissible in a venue hearing." *Id.*

When reviewing on interlocutory appeal a trial court's section 15.003 ruling, this Court must "determine whether the trial court's order is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard." TEX. CIV. PRAC. & REM. CODE § 15.003(c)(1). We thus conduct a "de novo review of the entire record to determine whether a trial court's section 15.003(a) joinder determination was proper." *Surgitek*, 997 S.W.2d at 603.

The Montgomery County plaintiffs did not present any evidence on the four elements set out in section 15.003(a). At the hearing before the trial court, they argued that, in an unopposed motion to consolidate filed by the River Authority in September 2019, the River Authority "judicially admitted each one of the elements to the exception in 15.003." In that motion, the River Authority indicated that it was "unopposed to the motion to consolidate in two other inverse condemnation cases" based on the same allegations at issue in this case. The River Authority recognized that the lawsuits were "practically identical, including the fact that all such Plaintiffs share the same counsel, [and] other than individual addresses, all involve common questions of law and fact."

7

Assuming without deciding that the statements in this motion constitute judicial admissions,[1] we conclude that they fail to establish the Montgomery County plaintiffs' entitlement to the limited exception in section 15.003(a). The fact that the cases are "practically identical" except for the differing addresses and that they share common questions of law and fact are insufficient to establish element 3, which requires proof that "there is an essential need to have that plaintiff's claim tried in the county in which the suit is pending." TEX. CIV. PRAC. & REM. CODE § 15.003(a)(3). Proof of an "essential need" to have the claim tried in Harris County requires more than proof of convenience or the need to pool resources. *See Surgitek*, 997 S.W.2d at 604. Rather, each plaintiff must prove that suit in Harris County is "indispensably necessary." *Id.* (recognizing that this burden is "very high").

---

[1] The River Authority argues that its statements in the motion identified by the Montgomery County plaintiffs do not qualify as judicial admissions. The River Authority points out that the motion was never presented to the trial court and was never ruled upon, and it argues that the statements were not clear and unequivocal statements of fact. *See, e.g.*, *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000) (requiring "a clear, deliberate, and unequivocal" statement of fact for statement to constitute judicial admission); *Weslaco Fed. of Teachers v. Tex. Educ. Agency*, 27 S.W.3d 258, 263 (Tex. App.—Austin 2000, no pet.) ("To qualify as a judicial admission, a statement must be (1) made in the course of a judicial proceeding; (2) contrary to an essential fact for the party's recovery; (3) deliberate, clear and unequivocal; (4) related to a fact upon which judgment for the opposing party could be based; and (5) enforcing the admission would be consistent with public policy. A true judicial admission is a formal waiver of proof usually found in pleadings or the stipulations of the parties."). Because we conclude that the statements identified by the Montgomery County plaintiffs did not satisfy their burden of proof under section 15.003(a), this contention is irrelevant to our analysis.

8

The facts cited by the Montgomery County plaintiffs—that the suits share common questions of fact and law and are tried by the same counsel—do not establish an essential need to proceed in Harris County.[2] Those facts are relevant to the elements of prejudice or the convenience of the selected venue, but they do not prove that venue in Harris County is indispensably necessary to the resolution of the Montgomery County plaintiffs' claims against the River Authority. *See, e.g.*, *Ramirez v. Collier, Shannon, Scott, PLLC*, 123 S.W.3d 43, 52 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (op. on reh'g) (holding benefits of pooling resources, shared facts and issues, and location of witnesses does not show essential need); *Smith v. Adair*, 96 S.W.3d 700, 707 (Tex. App.—Texarkana 2003, pet. denied) (recognizing essential need means more than judicial economy or convenience); *O'Quinn v. Hall*, 77 S.W.3d 438, 451 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) ("[T]he mere fact that a related suit is already proceeding in that county is insufficient to establish that it is indispensably necessary for the plaintiff seeking joinder or intervention to try his claims there."). Because the Montgomery County plaintiffs failed to establish the essential-need element, we need not address the other joinder factors. *See Smith*, 96 S.W.3d at 708.

---

[2]     The River Authority argued that the Montgomery County plaintiffs affirmatively cannot establish an essential need to maintain their claims in Harris County because numerous other claims have been filed in surrounding counties, including in Montgomery County.

Because the Montgomery County plaintiffs did not establish that venue was proper in Harris County, nor did they establish the applicability of section 15.003(a)'s exceptions, we conclude that the trial court erred in denying the River Authority's motion to dismiss or transfer pursuant to section 15.003.

The Montgomery County plaintiffs argue that the River Authority's motion was untimely, pointing out that the River Authority did not challenge venue until after it had answered the *Grothe* and *Collins* cases and after it had otherwise participated in litigation after those cases were consolidated into the underlying suit. *See* TEX. R. CIV. P. 86(1) ("An objection to improper venue is waived if not made by written motion prior to or concurrently with any other plea, pleading or motion except a special appearance[.]"). This argument, however, ignores the unique nature of section 15.003.

"Section 15.003 is not a venue statute; it is a joinder statute. The statute allows an interlocutory appeal for one specific purpose: to contest the trial court's decision allowing or denying intervention or joinder." *Am. Home Prods. Corp. v. Clark*, 38 S.W.3d 92, 96 (Tex. 2000); *Ramirez*, 123 S.W.3d at 49 ("A trial court's ruling under section 15.003 is *not* a venue ruling; it is ruling on intervention or joinder. . . ."); *see Surgitek*, 997 S.W.2d at 602 ("The fact that section 15.003(a) appears in the venue chapter of the Civil Practice and Remedies Code informs but does not control what type of hearing or standard of proof governs a section 15.003(a) joinder

10

determination."). The plain language of section 15.003 contemplates that all plaintiffs must independently establish proper venue regardless of when or how they enter the suit. *See* TEX. CIV. PRAC. & REM. CODE § 15.003(a).

Our sister court of appeals addressed a similar argument in *Wells Fargo Bank Texas, N.A. v. Barton*, 100 S.W.3d 455 (Tex. App.—San Antonio 2003, no pet.). In that case, the Barton appellees argued that the Bank's challenge to joinder was, in reality, a motion to transfer venue, and, thus, the Bank waived its right to challenge joinder under section 15.003 because the motion to transfer was not filed and ruled upon prior to the Bank's seeking other affirmative relief. *Id.* at 459. The San Antonio Court of Appeals rejected this argument, stating that "[a]n order transferring venue of certain claims based upon a finding of improper joinder is still a joinder decision, even though the remedy for misjoinder may be transfer rather than outright dismissal." *Id.* (citing *Surgitek*, 997 S.W.2d at 604 and *O'Quinn*, 77 S.W.3d at 445). The court held that "[t]here is no requirement that a motion to dismiss a party seeking joinder must be filed before any other pleading or request for relief." *Id.*; *compare* TEX. CIV. PRAC. & REM. CODE § 15.003 (no due course of pleading requirement) *with* TEX. R. CIV. P. 86(1) (motion to transfer venue is waived if not filed prior to or concurrent with any other pleading).

Other courts have reached a similar conclusion. In *Wyeth v. Hall*, the Beaumont Court of Appeals held that "section 15.003 has no due diligence

11

requirement." 118 S.W.3d 487, 491 (Tex. App.—Beaumont 2003, no pet.) (applying general rule that complaint about misjoinder must be made prior to submission of case to trial court in determining that party did not waive section 15.003 challenge by failing to diligently pursue hearing on motion to transfer venue); *see UPS Ground Freight, Inc. v. Trotter*, 606 S.W.3d 781, 786 (Tex. App.—Tyler 2020, pet. filed) (holding that Rule 87(5)'s provision limiting availability of motion for rehearing on venue rulings "is at odds with Section 15.003's insistence that all plaintiffs prove venue is appropriate as to them even though they entered the suit at different times"); *In re Estate of Griffith*, No. 05-19-01144, 2020 WL 113675, at *2 (Tex. App.— Dallas Jan. 10, 2020, no pet.) (mem. op.) (recognizing that section 15.003 provides exception to section 15.064's and Rule 87's prohibition on interlocutory appeals by permitting appeal). We find the reasoning in these cases persuasive here and determine that the River Authority did not waive its complaint under section 15.003.

We sustain the River Authority's sole issue.

## Conclusion

We reverse the trial court's order denying the River Authority's Motion to Dismiss/Transfer Improperly Joined Plaintiffs filed pursuant to Civil Practice and Remedies Code section 15.003. We remand the case to the trial court to transfer the Montgomery County plaintiffs' claims to a county of proper venue or to dismiss them, as appropriate. *See* TEX. CIV. PRAC. & REM. CODE § 15.003(a).

12

Richard Hightower
Justice

Panel consists of Justices Kelly, Landau, and Hightower.